A99A0969. MARSHALL v. THE STATE.
(522 SE2d 273)

PHIPPS, Judge.

David Carl Marshall was convicted by a Richmond County jury of burglary and armed robbery. Marshall enumerates as error the trial court's denial of his motion for a directed verdict, charges to the jury on reasonable doubt and reasonable doubt as to identity, and denial of his motion for a new trial. He also claims that counsel was

ineffective and that the evidence was insufficient to authorize the verdict. We find no merit in these enumerations of error, and we affirm.

Viewing the evidence in a light most favorable to the jury's verdict, Gracie Watson and Lucille Levert, two elderly sisters and house mates, received their monthly Social Security and Veterans Administration checks on November 1, 1995. When the mail arrived, the sisters immediately took the checks to the grocery store to cash the checks and settle their outstanding bill with the store. Marshall, who evidently had seen the sisters retrieve the checks from their mail, followed them into the grocery store. Marshall asked them if they had cashed their checks and then demanded "his money" for a "hot pad." The store owner ordered Marshall to leave and he did. The sisters returned home to find Marshall had broken into their house. He grabbed a screwdriver and held it to Watson's throat, forcing her onto the bed. Although the sisters attempted to resist, Marshall was able to take $300 from Watson.

1. In his first and second enumerations of error, Marshall claims the evidence was insufficient to authorize the verdict and that the trial court erred in denying his motion for a directed verdict. We must reverse if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 324 (99 SC 2781, 61 LE2d 560) (1979).

The State has the burden of proving Marshall's identity as the perpetrator of the offense. See *Mallory v. State*, 271 Ga. 150, 152-153 (4) (517 SE2d 780) (1999); *Hodges v. State*, 147 Ga. App. 434 (249 SE2d 149) (1978). When asked if the man who had approached her about the heating pad was in the courtroom, Watson responded, "I don't see him," although she did testify on redirect examination that Marshall looked like her attacker. Levert was also unable to identify Marshall as her assailant.

Alphonzo Williams, a detective for the Augusta Police Department, testified that Watson and Levert had, separately, been shown 18 photographs, and that each immediately identified Marshall as their attacker. Williams also testified that each showed a high degree of certainty in identifying the appellant.

Although Marshall was not identified unequivocally in court, this does not require a reversal. *Boscaino v. State*, 186 Ga. App. 133 (1) (366 SE2d 789) (1988). "The eyewitness' failure positively to identify appellant in court did not invalidate [his] earlier unequivocal identification. 'That a witness is somewhat hesitant of an identification on one occasion is not contradictory to a firm identification upon another. . . .' [Cit.]" *Hatcher v. State*, 175 Ga. App. 768, 769 (334 SE2d 709) (1985).

After reviewing the evidence in a light most favorable to the ver-

dict, we find that the State produced evidence from which a rational trier of fact could have found Marshall guilty of burglary and armed robbery beyond a reasonable doubt.

2. In his third and fourth enumerations of error, Marshall challenges the trial court's jury charges on reasonable doubt and reasonable doubt as to identity. Marshall made no objection to these jury charges at trial. "[A] failure to object [to a jury charge] in a criminal case constitutes a waiver unless there has been substantial error which is harmful as a matter of law." *Early v. State*, 218 Ga. App. 869, 870 (463 SE2d 706) (1995).

We find no error in the trial court's charge to the jury regarding reasonable doubt. This court has upheld a charge which contains language nearly identical to the language complained of by Marshall. *Andrews v. State*, 236 Ga. App. 152 (511 SE2d 258) (1999).

The Supreme Court of Georgia has upheld a charge with respect to identity which is essentially the same charge which appellant has enumerated as error. See *Mallory v. State*, supra.

Reading the charges as a whole, the trial court did not improperly define the evidentiary standard of reasonable doubt. Therefore, we find no error.

3. In his fifth and sixth enumerations of error, Marshall claims that he received ineffective assistance of counsel at trial and in preparation for trial. We disagree. Georgia adheres to the two-part test for effectiveness stated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Perkins v. State*, 260 Ga. 292 (392 SE2d 872) (1990). Marshall must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U. S. at 687.

Marshall submits that it was deficient preparation for trial for his attorney to fail to attempt to interview the victims of the crime. However, counsel did speak to the victims prior to trial, and her cross-examination of the victims shows no lack of preparation. Marshall also takes the position that counsel failed to spend adequate time in preparing for the trial, and that the lack of preparation was compounded by counsel's failure to ask for a continuance and by her failure to meet in person with Marshall prior to the trial (although she did speak with him by telephone). Although Marshall's counsel had been recently appointed to the case, she did spend an entire weekend preparing for trial. We do not find that as a matter of law this was inadequate. A review of the record shows that Marshall's trial counsel was prepared for trial and was an effective advocate.

4. Inasmuch as we have denied Marshall's enumeration of errors one through six, his seventh enumeration of error, alleging that the trial court erred in denying his amended motion for a new trial, has no merit.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 8, 1999.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.