A99A2213. SULLIVAN v. THE STATE.
(530 SE2d 521)

RUFFIN, Judge.

A Henry County jury convicted Clifton Ray Sullivan of armed robbery and kidnapping with bodily injury. Sullivan appeals, claiming that the trial court erred in: excluding relevant evidence, admitting inflammatory evidence, improperly charging the jury on circumstantial evidence and failing to specifically charge the jury on identity. We find these enumerations of error lack merit and affirm.

The evidence shows that on July 27, 1991, B. J. Craig visited JoAnn Tehonica at her trailer home. Craig was carrying a large amount of cash, and Tehonica resolved to steal it from him. Toward that end, she telephoned Janet Krebs, and they formed a plan to drug Craig, who had been drinking heavily, into unconsciousness and then take his money. Krebs brought Xanax to Tehonica's trailer, and Tehonica, Krebs and Craig took the drug. When Craig did not lose consciousness, Krebs telephoned John Wilkins and asked him to come to her trailer with his baseball bat to knock Craig unconscious. Wilkins went to the trailer, and subsequently Sullivan, who was known as "Flea," arrived and joined Tehonica, Krebs and Wilkins in the plot to steal Craig's money.

Sullivan agreed to beat Craig with the bat. After one of the conspirators covered Craig with a blanket, Sullivan struck Craig ten or twelve times with the bat, rendering him unconscious. Sullivan and Wilkins then took the money and carried Craig to his car. They drove into the woods on a dirt road, followed by Krebs in her car. They abandoned Craig in his car, returned to the trailer and divided the money.

1. Before trial, the State moved to exclude evidence that Craig was a drug dealer, and the trial court granted the State's motion. Sullivan argued the evidence was admissible to show that Craig's

narcotic sales generated cash, which he "flashed" on a regular basis, thereby giving many people a motive to rob him. Sullivan could not, however, point to any person, not already tied to the crime, who knew that Craig carried a large amount of cash. Thus, the trial court refused to allow Sullivan to impugn Craig's character by inquiring into how he obtained his money. But the trial court did agree to allow Sullivan to inquire into whether many people knew that Craig had a lot of cash.

As a general rule, evidence that implicates another as the perpetrator of a crime is relevant and admissible as it tends to exonerate the defendant.[1] But to be admissible, the evidence must "point out someone besides the accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of a crime by another, is not admissible."[2] Thus, while Sullivan was entitled to introduce testimony to show that another person may have committed the crime for which he was being tried, "the proffered evidence must raise a reasonable inference of [his] innocence. . . ."[3]

Here, the evidence does not raise a reasonable inference of Sullivan's innocence but merely raises conjecture that one of several hypothetical thieves may have been involved in the robbery and kidnapping. Accordingly, the trial court did not err in excluding the evidence of Craig's alleged drug dealing.

2. Sullivan next asserts that the trial court erred in admitting photographic exhibits that showed the extensive injuries to Craig because the photographs were cumulative and so prejudicial that they violated fundamental notions of fairness guaranteed by the Fifth Amendment of the United States Constitution. "The admission of photographs into evidence is a matter within the discretion of the trial court."[4] We will not find that the trial court abused that discretion so long as the photographs are relevant and not inflammatory.[5] We have reviewed the six photographs which showed that Craig suffered numerous injuries around his head and upper body. The photographs were relevant evidence of the crime, and we do not find the photographs are so inflammatory as to warrant exclusion. Thus, the trial court did not abuse its discretion in admitting them.

3. Sullivan also contends that the trial court improperly charged the jury on circumstantial evidence. This claim lacks merit. The trial court charged that: "To warrant a conviction on circumstantial evi-

---

[1] *Bell v. State*, 235 Ga. App. 825, 826 (510 SE2d 589) (1998).

[2] (Punctuation omitted.) Id.

[3] *Klinect v. State*, 269 Ga. 570, 573 (3) (501 SE2d 810) (1998).

[4] *Taylor v. State*, 271 Ga. 629, 630 (2) (523 SE2d 322) (1999).

[5] Id.

dence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused. . . ." This charge is the same as that approved in *Wynn v. State*[6] and thus was not erroneous.

4. In his final enumeration of error, Sullivan argues that the trial court erred in failing to charge the jury that the State must prove the identity of the perpetrator of the crime beyond a reasonable doubt. Sullivan correctly notes that the State, as an element of its case, must prove his identity as the perpetrator of the crime.[7] Although the trial court did not give Sullivan's charge as requested, it instructed the jury regarding the general principle of law by informing jurors that they must find beyond a reasonable doubt that the defendant committed the offenses charged in the indictment. "A trial court does not err in failing to give an appropriate request to charge, as written, when its charge as a whole contains the same principles of law set forth in the request."[8]

Moreover, we note that the instruction Sullivan requested provided that the jurors must "believe that the defendant has been sufficiently identified as the person who committed the alleged crime." But here, Sullivan could also be found guilty as a party to the crime, and the jury was instructed accordingly. Thus, his requested charge suggesting that he would have to be sufficiently identified as the one who actually committed the crime might have confused the jury. "The trial court does not err when it refuses to give a charge which might mislead or confuse the jury."[9]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 7, 2000.

*Chapman & Pope, Daniel C. Chapman III,* for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.

---

[6] 236 Ga. App. 98, 101 (3) (511 SE2d 201) (1999).
[7] *Marshall v. State,* 239 Ga. App. 850, 851 (1) (522 SE2d 273) (1999).
[8] *White v. State,* 233 Ga. App. 276, 279 (4) (503 SE2d 891) (1998).
[9] *Snoke v. State,* 237 Ga. App. 686, 690 (5) (516 SE2d 541) (1999).