## A00A0361. MILLS v. THE STATE.
(535 SE2d 1)

BLACKBURN, Presiding Judge.

Jaycin Mills appeals his conviction, following a jury trial, for robbery by intimidation. Mills contends that the trial court erred (1) by charging the jury on robbery by intimidation because the indictment brought against him alleged only armed robbery and (2) by denying his motion for a directed verdict on the charge of armed robbery. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Mills and several accomplices planned to rob the residence of Sean Tomlinson. At the time of the robbery, Mrs. Tomlinson was at home. She testified that one of the robbers was carrying a knife. Three of Mills' accomplices testified that he was involved in the robbery.

Mills was subsequently indicted for, among other things, armed robbery committed with the use of a knife. The indictment did not separately set out a count of robbery by intimidation. During trial, Mills made a motion for a directed verdict on the charge of armed robbery, arguing that there was insufficient evidence to show that he was carrying a knife at the time of the robbery. Citing Mrs. Tomlinson's testimony that she witnessed one of the robbers carrying a knife, the trial court denied Mills' motion. At the State's request, the trial court charged the jury on robbery by intimidation, a lesser included offense of armed robbery. Mills was then found guilty of robbery by intimidation.

1. Mills contends that the trial court erred by charging the jury on the lesser included offense of robbery by intimidation when he was indicted only for armed robbery. We disagree.

The rules in this area were set forth in *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). There, our Supreme Court explained:

> The trial judge must charge the jury on each crime specified in the indictment or accusation, unless the evidence does not

warrant a conviction of such crime, or unless the state has affirmatively withdrawn a crime or stricken it from the indictment or accusation. . . . The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error. . . . The state or the accused may, by written application to the trial judge at or before the close of the evidence, request him to charge on lesser crimes that are included in those set forth in the indictment or accusation, and his failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error. . . . An erroneous charge on a lesser crime to that set forth in the indictment or accusation does not rise to the level of reversible error, unless such charge was harmful to the accused as a matter of law.

Robbery by intimidation is a lesser included offense of armed robbery. OCGA § 16-8-41 provides:

A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.

In this case, the State requested that the trial court instruct the jury on robbery by intimidation. Although no written request to charge was submitted, the trial court, of its own volition, was authorized to charge the jury on this offense. *Stonaker*, supra. Therefore, there was no error in the court's instructions to the jury.

2. Mills contends that the trial court erred by denying his motion for a directed verdict on the charge of armed robbery. This enumeration is meritless.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Mills] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a rea-

sonable doubt that the defendant was guilty of the charged offense.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

As discussed above, Mrs. Tomlinson testified that one of her assailants was carrying a knife during the commission of the robbery. Therefore, there was evidence sufficient to support a conviction for armed robbery, and the trial court appropriately denied Mills' motion for a directed verdict and allowed the issue to go to the jury.

Moreover, contrary to Mills' contention, even if we were to find that the trial court should have granted Mills' motion for a directed verdict on armed robbery, the lesser included charge of robbery by intimidation would have still reached the jury. Mills' indictment for armed robbery put him on notice that he might be convicted of the lesser included offense as set forth in OCGA § 16-1-6. This statute provides: "An accused may be convicted of a crime included in a crime charged in the indictment or accusation." Therefore, Mills' contention lacks merit, and the jury appropriately considered the charge of robbery by intimidation.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 16, 2000.

*Robert M. Gardner, Jr.*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Richard K. Bridgeman, Assistant District Attorneys,* for appellee.