## A00A0727. CHAMBERS v. THE STATE.
### (534 SE2d 879)

PHIPPS, Judge.

Rafael Chambers appeals his conviction for aggravated assault. He asserts that the evidence was insufficient to support the verdict. We find that the evidence was sufficient and affirm his conviction.

Viewed in the light most favorable to the verdict, the evidence authorized the jury to find that the following occurred. In the early morning of May 31, 1998, Chambers, DeWayne Harrison and Thaxter Swindle went to a party also attended by William Smith. Smith was intoxicated from alcohol and drug consumption. Harrison approached Chambers and Swindle about robbing Smith. Next, Harrison borrowed a car from another person at the party, and he, Chambers and Swindle approached Smith and offered to "carry [him] to a freak." The four of them left the party in the borrowed car, and, under the guise of locating a prostitute for Smith, Harrison drove to two trailer parks. At the second trailer park, Harrison parked, and he and Chambers got out and walked through a wooded area and behind an unoccupied trailer. From there, they called to Smith, "Here she is," and told him to get out of the car. Swindle and Smith went to join Chambers and Harrison. Then one of the three repeatedly told Smith to "Give it up." Smith did not give them anything and ran. Chambers, Harrison and Swindle caught him and again told him "to give it up." As Smith hesitated and reached toward one of his attackers, one of them shot him in the stomach. Then they put a gun to

Smith's head and demanded his money. Smith finally handed over his wallet, and Chambers, Harrison and Swindle ran back to the car and drove away. Chambers received $40 of the money taken from Smith.

Chambers, Harrison and Swindle were jointly indicted for armed robbery and aggravated assault. Swindle pled guilty to a reduced charge of robbery by force and testified against Chambers and Harrison, who were tried together. The jury found Chambers and Harrison guilty of aggravated assault but could not reach a verdict on the armed robbery charge.

Chambers argues that the trial court erred in denying his motions for a directed verdict of acquittal and a new trial. Both motions were based on claims that the evidence was insufficient to support a guilty verdict.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . [M]oreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[1]

Chambers asserts that he was not a party to the crime of aggravated assault. Because he was intoxicated during the incident, Smith was not able to identify the person who shot him. Swindle testified that he and Chambers did not express assent to Harrison's desire to rob Smith and that it was Harrison who shot Smith. Neither Chambers nor Harrison testified at trial, but a statement made by Chambers was introduced. In it, Chambers stated that he did not witness the shooting although he was at the trailer park.

Under OCGA § 16-2-20, "Every person concerned in the commission of a crime is a party thereto and may be charged with and con-

---

[1] (Citations and punctuation omitted.) *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).

victed of commission of the crime." One is concerned in the commission of a crime if he "[i]ntentionally aids or abets in the commission of the crime."[2]

Viewed in the light most favorable to the jury's verdict, we find that the evidence was sufficient to go to a jury and to authorize the jury's finding of guilt of aggravated assault beyond a reasonable doubt. Chambers's conduct before, during and after the offense authorized the jury to find that he was not only present when the crime was committed but also actively aided and abetted the commission of the crime.[3] The trial court did not err in denying the motions for a directed verdict of acquittal and a new trial.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 22, 2000.

*Alfred F. Zachry*, for appellant.
*Peter J. Skandalakis, District Attorney, Monique L. Fouque, Nigel R. Lush, Assistant District Attorneys*, for appellee.

---

[2] OCGA § 16-2-20 (b) (3).
[3] See *McWhorter v. State*, 198 Ga. App. 493-494 (1) (402 SE2d 60) (1991).