## A00A1959. WATKINS v. THE STATE.
### (546 SE2d 363)

RUFFIN, Judge.

A Fulton County grand jury indicted Timothy Watkins for armed robbery and aggravated assault. Following a jury trial, Watkins was convicted of robbery by force and simple assault. On appeal, Watkins contends the trial court erred in (1) failing to direct a verdict of acquittal; (2) denying two motions in limine; (3) improperly limiting voir dire; and (4) instructing the jury. Watkins' contentions lack merit, and we affirm.

1. Construed to uphold the verdict,[1] the evidence shows that Raymond Etris employed Watkins as a handyman and house painter. According to Etris, Watkins would go with him to purchase paint, and Watkins knew that he carried a substantial amount of cash.

On July 13, 1996, at around 10:00 a.m., Watkins showed up at Etris' house. Although Watkins normally came through the front door, on this day he went to the back door. Watkins knocked, and Etris unlocked the door and let him into the house. After speaking with Etris for a few minutes, Watkins started to leave. He asked if Etris would give him some ice to take with him, and Etris walked into the kitchen followed by Watkins. As Etris entered the kitchen, he saw a man, whom he did not know, standing in the kitchen.

The man in the kitchen wielded a frying pan, which he used to bludgeon Etris. Etris attempted to back up, but was not able to move. According to Etris, Watkins "was right in behind me and he was just bumping me, a bumping against me to where I couldn't back up." Etris asked Watkins, "what in the world are you doing?" He attempted to pull Watkins between him and his assailant, but Watkins "just stepped over to the side and let [the assailant] by." Etris fell into a china cabinet, breaking dishes, before hitting the floor. The assailant fell on top of Etris and straddled him while attempting to remove his wallet from his back pocket. Etris testified that Watkins was standing over both him and the assailant. Etris asked Watkins

---

[1] See *Mills v. State*, 244 Ga. App. 28, 29-30 (2) (535 SE2d 1) (2000) (standard for reviewing denial of motion for directed verdict of acquittal).

to "pull [the assailant's] foot off me. And [Watkins] said, 'I don't know. I don't know.'" After the assailant succeeded in removing Etris' wallet, he said, "I've got it, let's go." The assailant and Watkins then fled together, and Watkins never returned to Etris' house or called to see how he was doing. At the time his wallet was stolen, Etris estimated that it contained between $400 and $500.

On appeal, Watkins asserts that he never laid a hand on Etris and that there was no "nexus" between him and the assailant. We disagree. According to Nicole Ferraro, Etris' neighbor, the morning of the robbery she saw Watkins walking toward Etris' house with a man who matched the assailant's description. Rather than going to the front door, as he usually did, Watkins walked to the back door, which required Etris to unlock that door and enabled the assailant to enter. During the attack, Watkins blocked Etris' avenue of escape. Finally, after the assailant took Etris' wallet, he said, "I've got it, let's go," after which Watkins fled the scene with the assailant. Accordingly, Watkins' conduct before, during, and after the robbery are all indicative of his guilt, and the trial court did not err in denying his motion for directed verdict.[2]

2. Watkins filed two motions in limine — one to preclude the State from introducing photographs of the victim, and another to prevent the State from eliciting testimony that Watkins never returned to the crime scene. The trial court denied both motions, and Watkins alleges the court erred in so doing. We find no error.

(a) As a result of the attack, Etris sustained numerous injuries including lacerations to his arm and a gash to his forehead that required 11 stitches. During the trial, the court admitted photographs depicting the extent of Etris' injuries. Watkins argues that the introduction of these "inflammatory" photographs violated his right to a fair trial.

"The admission of photographs into evidence is a matter within the discretion of the trial court."[3] "[U]nless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value."[4] Here, Watkins was charged with aggravated assault for using a weapon capable of causing serious bodily harm. Thus, the extent of Etris' injuries was clearly relevant, and the trial court did not abuse its discretion in

---

[2] See *Chambers v. State*, 244 Ga. App. 138, 140 (534 SE2d 879) (2000).

[3] (Punctuation omitted.) *Sullivan v. State*, 242 Ga. App. 613, 614 (2) (530 SE2d 521) (2000).

[4] (Punctuation omitted.) *Warren v. State*, 233 Ga. App. 699, 700 (2) (505 SE2d 777) (1998).

admitting photographs depicting those injuries.[5]

(b) Watkins also asserts that the trial court erred in allowing the State to introduce evidence that he failed to return to Etris' home on the day of the attack. According to Watkins, he had no duty to return to the crime scene, and the evidence that he failed to do so lacked probative value and was highly prejudicial. We find Watkins' assertions patently absurd. The evidence that Watkins never returned to Etris' house suggests that he was attempting to flee with the assailant, rather than chase the assailant, as he contends on appeal. As a general rule, evidence of flight, which is circumstantial evidence of guilt, is both relevant and admissible.[6] Accordingly, we find no abuse of discretion in the trial court's denial of Watkins' motion in limine.

3. During voir dire, Watkins' attorney asked prospective jurors whether any of them had ever employed "a handyman or maid or someone who worked at [their] house who [they] believed robbed [them] before?" The trial court, sua sponte, disallowed the question, and the attorney stated, "I have no more questions, your honor." On appeal, Watkins asserts that the trial court erred in limiting his questioning of prospective jurors. By failing to lodge any objection to the trial court's ruling, however, Watkins is barred from raising the alleged error on appeal.[7]

4. In two enumerations of error, Watkins contends that the trial court erred in instructing the jury. Watkins primarily argues that the trial court erred in instructing the jury on conspiracy. As our Supreme Court recently noted, however, "[i]t is not error to charge on the subject of conspiracy when the evidence tends to show a conspiracy, even if a conspiracy is not alleged in the indictment."[8] "A conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances."[9] Here, the evidence certainly raised the issue of conspiracy, and the trial court did not err in charging the jury accordingly.[10]

After the trial court charged the jury on conspiracy, Watkins requested that the court instruct the jury that it could find him guilty of conspiracy as a lesser included offense. Watkins appeals the trial court's denial of this request. Again, we find no error. The evidence established the completion of the offenses of robbery and assault, the crimes for which Watkins was convicted. Watkins is

---

[5] *Sullivan,* supra.

[6] See *Shaheed v. State*, 245 Ga. App. 754, 755 (1) (538 SE2d 823) (2000) ("Flight is circumstantial evidence of consciousness of guilt.").

[7] *Plaza Properties v. Prime Business Investments*, 273 Ga. 97, 102 (538 SE2d 51) (2000).

[8] *Holmes v. State*, 272 Ga. 517, 519 (6) (529 SE2d 879) (2000).

[9] (Punctuation omitted.) *Agnew v. State*, 267 Ga. 589, 590 (2) (481 SE2d 516) (1997).

[10] See id.

guilty of these offenses as a party to the crime.[11] Having completed the greater offenses, Watkins is not entitled to a jury charge on the lesser offense.[12]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 5, 2001.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Bettieanne C. Hart, Assistant District Attorneys*, for appellee.

---

[11] See *Byram v. State*, 189 Ga. App. 627, 628 (3) (376 SE2d 909) (1988).

