## A01A2204. HARRISON v. THE STATE.
(558 SE2d 760)

ELLINGTON, Judge.

A Troup County grand jury indicted Dewayne Harrison, Rafeal Jermaine Chambers, and Thaxter Lemont Swindle on charges of armed robbery and aggravated assault in connection with a May 31, 1998 shooting. Swindle pled guilty to robbery by force and testified against Chambers and Harrison, who were tried together. A jury convicted Chambers and Harrison of aggravated assault, OCGA § 16-5-21. See *Chambers v. State*, 244 Ga. App. 138 (534 SE2d 879) (2000). Harrison appeals, challenging the admission of certain evidence and the sufficiency of the evidence. Finding no error, we affirm.

Briefly, the State's evidence showed that, at a private party, the three men discussed robbing the victim because he was carrying a lot of money, that they left the party with the victim in a borrowed car, and that, during the course of robbing the victim, Harrison shot and wounded him.

1. Harrison contends the trial court erred in admitting his custodial statement. A custodial statement is admissible only if it was made "voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. "To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circum-

stances." (Citation and punctuation omitted.) *Gober v. State*, 264 Ga. 226, 228 (2) (b) (443 SE2d 616) (1994). See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). "The trial court sits as the factfinder in a *Jackson-Denno* hearing, and its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous." (Citation omitted.) *York v. State*, 242 Ga. App. 281, 292 (6) (528 SE2d 823) (2000). A statement may be voluntary even where, as here, the suspect has a limited education. *Rachel v. State*, 247 Ga. 130, 132-133 (2) (274 SE2d 475) (1981); *Gilham v. State*, 232 Ga. App. 237, 239-240 (2) (501 SE2d 586) (1998); *Newsome v. State*, 180 Ga. App. 243, 244 (3) (348 SE2d 759) (1986).

Harrison contends the investigating officers advised him of his rights *after* interviewing him, rather than before, and failed to inquire into his educational background. We have reviewed the investigators' testimony at the *Jackson-Denno* hearing and find no support for Harrison's assertion that the trial court refused to consider evidence impeaching the officers' credibility. Under the totality of the circumstances, the trial court's conclusion that the custodial statement was made freely and voluntarily was not clearly erroneous. *Satterwhite v. State*, 250 Ga. App. 313, 315-316 (1) (551 SE2d 428) (2001).

2. Harrison contends the trial court erred in admitting a letter attributed to him in that the State did not lay a proper foundation as to the letter's authenticity. Swindle, the intended recipient of the letter, testified that he recognized Harrison's handwriting and that he believed Harrison wrote the letter.

> Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness who shall swear that he knows or would recognize the handwriting shall be competent to testify as to his belief. The source of his knowledge shall be a question for investigation and shall go entirely to the credit and weight of his evidence.

OCGA § 24-7-6. The trial court did not err in admitting the letter. *Summerour v. State*, 211 Ga. App. 65 (1) (438 SE2d 176) (1993).

3. Harrison contends the trial court erred in allowing the State to put his character in issue by eliciting testimony that he exchanged crack cocaine to borrow the car used in the commission of the crime. At trial, Harrison objected to the testimony on relevance grounds.

> Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. The fact that such part of the res gestae inci-

dentally placed [Harrison's] character in issue does not render it inadmissible. A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Veal v. State*, 242 Ga. App. 873, 875-876 (3) (531 SE2d 422) (2000). Evidence as to whether a defendant possessed drugs at the time a crime was committed is deemed part of the res gestae and is admissible as such even though it may incidentally place the defendant's character in evidence. *Roberts v. State*, 221 Ga. App. 196, 198 (2) (471 SE2d 27) (1996). "Moreover, it is highly probable that this evidence did not contribute to the verdict in light of the overwhelming evidence of [Harrison's] guilt." (Citation and punctuation omitted.) *Cox v. State*, 242 Ga. App. 334, 339 (9) (528 SE2d 871) (2000) (evidence that defendants had been using marijuana just before assaulting victim). The trial court did not err in denying Harrison's relevance objection.

4. Harrison contends the trial court erred in admitting hearsay evidence "involving the parking of the car." Harrison failed to specify exactly what statement he considered to be objectionable hearsay. See OCGA § 24-3-1 (a) ("Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons."). As far as we can determine, Harrison is concerned about the following testimony by the owner of the borrowed car: "[Harrison] said they parked [the car] back here in the back." Because a defendant's own statements are admissible against him, the trial court did not err in denying Harrison's hearsay objection. OCGA §§ 24-3-31; 24-3-34; *Stanford v. State*, 272 Ga. 267, 270 (4) (528 SE2d 246) (2000).

5. Harrison contends the evidence was insufficient to establish venue in Troup County. The victim's testimony that he was shot in Troup County was sufficient to establish venue. *Rogers v. State*, 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000).

6. Harrison contends the evidence was insufficient because the victim failed to identify the shooter. Viewed in the light most favorable to the jury's verdict, the evidence, including Swindle's testimony that Harrison shot the victim, was sufficient to authorize the jury's finding of guilt of aggravated assault beyond a reasonable doubt. *Chambers*, 244 Ga. App. at 139-140.

*Judgment affirmed. Johnson, P. J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JANUARY 9, 2002.

*William L. Jones*, for appellant.

*Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney*, for appellee.