46167.   COLEMAN v. THE STATE.

BELL, Chief Judge. The defendant was convicted of theft by taking.

1. During the course of the trial the State called a police officer as a witness. The defendant objected to calling this officer "inasmuch as he was not listed on the list of witnesses that was furnished when I made my demand prior to arraignment." The objection was overruled and the witness was allowed to testify. Defendant claims that this witness should not have been permitted to testify in view of *Code Ann.* § 27-1403, as amended, which provides: "Every person charged with an offense against the laws shall be furnished, on demand, previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." It is imperative that a demand be made before the provisions of the

cited Code section are operative. *Prather v. State,* 223 Ga. 721 (157 SE2d 734). By the terms of the statute a demand must be made "previous to his arraignment." *Jones v. State,* 224 Ga. 283, 286 (161 SE2d 302). A proper demand must be made upon the district attorney or an assistant district attorney. *Green v. State,* 223 Ga. 611 (157 SE2d 257). There is nothing in the record showing to whom the demand alluded to by defense counsel was made, when it was made, from whom counsel received the list of witnesses, whose names appeared on the list, or the list itself. There was no error.

2. A witness for the State was allowed to testify over objection that he went to a multiple-story parking area, the scene of the alleged crime, because it had been reported to him that persons were breaking into automobiles in the parking lot. The trial court in admitting this testimony instructed the jury that it was admitted for the limited purpose of explaining the officer's conduct, and not for the purpose of proving the accuracy of what was told the officer. *Code* § 38-302 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." The evidence was properly admitted to explain the conduct of the officer in going to the parking garage to conduct the legal investigation. See *Phillips v. State,* 206 Ga. 418, 419 (57 SE2d 555).

3. After the jury returned a verdict of guilty, the pre-sentence hearing commenced. Three exhibits offered by the State showing the previous convictions of the appellant were admitted over objection. The defendant originally objected to the exhibits in their entirety on the ground that no proper foundation had been laid for their admission. The defendant did not indicate what foundation under the circumstances should have been laid. After being overruled by the court the defendant further objected to certain parts of the sentences imposed in the prior cases which show that the defendant was granted probation. No grounds of objections were stated. Objection on the ground of a lack of proper foundation without stating what the proper foundation should be or objection to evidence and stating no specific

ground are insufficient and present nothing for consideration on review. *Freeman v. Young,* 147 Ga. 699 (95 SE 236); *Barkley v. State,* 190 Ga. 641 (10 SE2d 32); *Pylant v. State,* 191 Ga. 587 (13 SE2d 380).

Judgment affirmed. *Pannell and Deen, JJ., concur.*
ARGUED MAY 3, 1971—DECIDED JUNE 17, 1971—
REHEARING DENIED JULY 21, 1971.

Michael J. Reily, for appellant.

Lewis R. Slaton, District Attorney, Tony H. Hight, Amber W. Anderson, for appellee.