## 54584. BLOUNT v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of a three-count indictment alleging a violation of the Georgia Controlled Substances Act by making a sale of marijuana and two separate sales of heroin. *Held:*

1. Defendant objected to the admission of state's Exhibit 3, a quantity of marijuana, because the chain of custody had not been established. On April 6, 1976, an agent of the Georgia Bureau of Investigation was working on undercover drug investigations in Augusta, Georgia. That agent, in the company of another agent, made a purchase of marijuana from defendant. The substance was tagged and marked for identification, placed in an envelope, entered in a diary and kept in a locked briefcase

until taken to the crime lab in Atlanta by the agent where it was personally turned over to the forensic chemist, who, in turn, kept it in a locked evidence file. Although defendant alleges that the evidence might have been tampered with there is nothing to show that this was the case. This evidence was properly admitted. See *Lentile v. State,* 136 Ga. App. 611 (222 SE2d 86).

2. Admission of state's Exhibits 1 and 2, separate quantities of heroin, was objected to at trial "upon the fact that a sufficient foundation has not been laid." Counsel did not inform the court as to what was lacking with reference to laying a sufficient foundation. This objection is insufficient to raise any issue for review. *Coleman v. State,* 124 Ga. App. 313 (3) (183 SE2d 608).

3. As the evidence authorized conviction, the trial court did not err in denying a directed verdict of acquittal.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 3, 1977 — DECIDED NOVEMBER 14, 1977.

*Harrison, Jolles, Miller & Busch, Henry A. Miller,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.