62663, 62664. ARMSTRONG v. THE STATE.

QUILLIAN, Chief Judge.
The defendant appeals his burglary conviction, (62663) and the failure to grant his supersedeas bond (62664). *Held:*
1. The first enumeration of error asserts that the trial judge erred in denying defendant's motion for mistrial based on the argument that, where one of four co-defendants plead guilty after the jury was selected, the other three defendants should not have been permitted to proceed to trial before such jury.
The record reveals that the guilty plea was taken out of the jury's presence and that the trial judge barred any communication of such fact to the jury and upon the jury's return stated: "For reasons with which you are in no way concerned the case of the State against Gary Berry will not now be tried." There is no ground for reversal raised by this enumeration.
2. We find nonmeritorious the complaint that the trial judge

prevented counsel from making an objection to certain evidence.

3. (a) An enumeration of error to the overruling of an objection to the use by a witness of the word "they" fails to show harm.

(b) An objection to evidence that "the foundation has not been laid" for the question without stating what the proper foundation should be is insufficient to raise an issue for review. *Blount v. State,* 143 Ga. App. 845 (2) (240 SE2d 216). Accord, *Coleman v. State,* 124 Ga. App. 313 (3) (183 SE2d 608) and cases therein cited.

4. "Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose." *Fincher v. State,* 211 Ga. 89 (4) (84 SE2d 76). A witness for the state testified she overheard conversation among the co-defendants in which they planned to commit the crime for which they were indicted. The defendant and his co-defendants denied such conversation took place.

Thus, the evidence, while conflicting, was sufficient so that a rational jury could find the defendant guilty beyond a reasonable doubt.

5. The trial judge's charge on credibility was substantially in the same language as that approved in *Campbell v. State,* 237 Ga. 76 (4) (226 SE2d 601).

6. The trial judge's recharge to the jury did not amount to an expression of opinion as to whether a conspiracy existed.

7. The defendant contends that the trial judge erred, while imposing sentence, in considering that one of the defendant's co-defendants made threats against a witness.

No objection was interposed at the pre-sentence hearing. Hence, the rule is applicable: "if no objection is made at the pre-sentence hearing a subsequent review of that phase is eliminated." *Bradshaw v. State,* 145 Ga. App. 664 (1) (244 SE2d 600). Accord, *Adams v. State,* 142 Ga. App. 252 (7) (235 SE2d 667); *Chapman v. State,* 154 Ga. App. 532 (4) (268 SE2d 797); *Strozier v. State,* 231 Ga. 140, 142 (200 SE2d 762). See *Jones v. State,* 233 Ga. 662 (3) (212 SE2d 832).

8. Our rulings in case 62663 have mooted case 62664.

*Judgment affirmed in case no. 62663; appeal dismissed in case no. 62664. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1981.

*B. Andrew Prince,* for appellant.

*Jeff Wayne, District Attorney, Christopher J. Walker, Assistant District Attorney,* for appellee.