64272. LEWIS v. THE STATE.

SHULMAN, Presiding Judge.

A jury convicted appellant of kidnapping, motor vehicle theft, and robbery by intimidation, and appellant now brings this appeal from the judgments entered on those verdicts.

1. Appellant assigns error to the trial court's refusal to allow him to absent himself from the courtroom during the testimony of the victim, who subsequently identified appellant as one of his assailants.

In Georgia, a criminal defendant is constitutionally guaranteed the right to be present at all stages of his trial. Code Ann. § 2-111; *Wilson v. State,* 212 Ga. 73 (90 SE2d 557); *Durrett v. State,* 135 Ga.

App. 749 (2) (219 SE2d 9). As with any constitutional right, this one may be waived by the defendant. See *Wilson,* supra. However, that is not to say that a defendant has an absolute right to waive his right to be present at trial. See *Ellis v. State,* 164 Ga. App. 366 (7) (296 SE2d 726) (1982). Judicial authority from foreign jurisdictions also supports our position that a criminal defendant's right to be present at his trial does not include a concomitant right of absence. State v. Larson, 94 N.M. 795 (617 P2d 1310, 1312) (1980); State v. Morse, 617 P2d 1154, 1155 (Ariz. 1980); State v. Hohman, 392 A2d 935 (Vt. 1978). Where identification of the defendant by a witness is contemplated by the prosecution, the state is entitled to demand the presence of the defendant. State v. Lapointe, 357 A2d 882, 887 (Me. 1976); People v. Winship, 309 N. Y. 311 (130 NE2d 634) (1955); State v. Vincent, 222 N. C. 543 (23 SE2d 832) (1943). It was not error for the trial court to refuse to honor appellant's request to leave the courtroom, since we hold that the trial court is empowered to order a criminal defendant's personal appearance when it is necessary to properly conduct the trial. Ernst v. Mun. Ct. of County of Los Angeles, 104 Cal. App.3d 710 (163 Cal. Rptr. 861) (1980).

2. Appellant's co-indictee pled guilty to the charges leveled against him after he had aided in the selection of the jury which subsequently convicted appellant. Citing *Armstrong v. State,* 160 Ga. App. 237 (1) (286 SE2d 523), appellant now maintains that the trial court should have declared a mistrial sua sponte when the jury was not immediately informed of the co-defendant's change of plea. A reading of *Armstrong* refutes appellant's position. In that case, the guilty plea was taken out of the presence of the jury and the trial court barred any communication of the proceeding to the jury. The jury in the instant case was also unaware of the fate of the co-defendant. As was the case in *Armstrong,* "[t]here is no ground for reversal raised by this enumeration." Id.

3. Appellant also takes issue with the trial court's inclusion in its instructions to the jury of an unrequested charge on robbery by intimidation, maintaining that the evidence did not warrant the giving of such a charge. We disagree.

Code Ann. § 26-1902, as it existed at the alleged time of the commission of the armed robbery (see Ga. L. 1976, p. 1359), "unequivocally provide[d] that robbery by intimidation [was] a lesser included offense in the offense of armed robbery, and it necessarily follows that evidence authorizing a conviction for robbery by the use of an offensive weapon would authorize a conviction of robbery by intimidation." *Holcomb v. State,* 230 Ga. 525, 527 (198 SE2d 179). It is clear that if the evidence in such a case as described would authorize a *conviction* of robbery by intimidation, it would

certainly authorize a *charge* on that offense since proof beyond a reasonable doubt is required for the former (see *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528)) and only evidence supporting an issue is needed for the latter. See *Pullen v. State,* 146 Ga. App. 665 (3) (247 SE2d 128).

4. After reviewing the trial court's charge to the jury, we find no merit in the contention that error was committed when the trial court failed to honor appellant's request to charge that it was the burden of the state to prove beyond a reasonable doubt each element of the offense charged. "When the instructions of the trial judge are considered as a whole, it is clear to us the jury was instructed that the state had the burden of proving every element of the crime beyond a reasonable doubt . . . In our opinion, the trial judge's instructions could not have caused the jury to misunderstand the burden of proof resting upon the state." *Ward v. State,* 238 Ga. 367, 370 (233 SE2d 175).

5. Appellant also argues that his motion for a directed verdict of acquittal on the kidnapping and armed robbery charges was improperly denied. The following capsulation of evidence adduced at the trial refutes appellant's position.

The victim testified that appellant and a companion approached him in a shopping center parking lot and asked his help in "jump-starting" appellant's car which was parked at the far end of the lot. The victim agreed to the request, and the three men got in the victim's car to drive, ostensibly, to the disabled vehicle. However, appellant's companion, seated in the rear, put a gun to the victim's back, and appellant told the victim to continue driving. During the ten-minute ordeal, appellant asked the victim for his watch and wedding ring, both of which the victim surrendered. Money and a cigarette lighter were given to appellant's companion at his behest. After the victim complied with his assailant's order to get out of the car, appellant took the victim's place behind the wheel and the two perpetrators drove off in the victim's car. The victim testified that the presence of the firearm was the factor which motivated him to continue driving with his assailants and to relinquish his property (which he valued at $200) to the two men.

"A trial court must grant a motion for a directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Cit.]" *Lee v. State,* 247 Ga. 411 (6) (276 SE2d 590). Applying this rule to the evidence summarized above, it is clear that a rational trier of fact could have found the essential elements of armed robbery and kidnapping to exist beyond a reasonable doubt. Code Ann. §§ 26-801, 1311, 1902; Ga. L. 1976, p.

1359, superseded by Ga. L. 1981, p. 1266, eff. April 9, 1981.

6. At trial, appellant testified that he had not made a statement to the police because his co-defendant (who subsequently pled guilty and testified for the state at appellant's trial) had told him not to say anything and he, the co-defendant, would "handle this." In handing down appellant's sentence, the trial court stated: "However, Mr. Lewis is the one who was smart enough, if you want to call it that, not to make any statement to the police, who has now been found guilty after saying he was not . . . So what I am going to do is I am going to sentence him [to serve concurrent terms of 20, 20, and seven years]." Appellant maintains that the trial court's words reflect an impermissible use of evidence in aggravation of sentence which violated Code Ann. § 27-2503 (a) (OCGA § 17-10-2 (a)).

While we disapprove of the trial judge's remarks, we fail to see reversible error therein since our review of the record indicates that " '[n]o objection was interposed at the pre-sentence hearing. Hence, the rule is applicable: 'if no objection is made at the pre-sentence hearing a subsequent review of that phase is eliminated.'[Cits.]" *Armstrong v. State,* 160 Ga. App. 237 (7), supra. See also *Moss v. State,* 159 Ga. App. 317, 319 (283 SE2d 275).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 9, 1982 —
REHEARING DENIED NOVEMBER 29, 1982 —

*William T. Hankins III,* for appellant.
*Susan Brooks, Assistant District Attorney,* for appellee.

