A91A0987. TILLEY v. THE STATE.
(411 SE2d 100)

SOGNIER, Chief Judge.

Frederick James Tilley was indicted on a charge of armed robbery of a Laurens County bank. After presentation of the evidence the trial court reduced the charge to robbery by intimidation, and the jury convicted Tilley of that charge. He appeals.

1. Appellant contends the trial court erred by refusing to allow him to absent himself from the courtroom during the trial. In *Lewis v. State*, 164 Ga. App. 549 (297 SE2d 303) (1982), we held that a criminal defendant's constitutional right to be present at trial does not include a concomitant right of absence, and that the trial court is empowered to order a criminal defendant's personal appearance when it is necessary to properly conduct the trial. Id. at 550 (1). This is especially true where, as here, identification of the defendant by a witness is contemplated by the prosecution. Id.

Appellant argues he should have been allowed to leave the courtroom because he and his counsel were the only black men in the courtroom, thereby tainting the eyewitness identification. The transcript reveals that of the three witnesses presented by the State who saw the robber, only Dawn Busbin, the teller who was robbed, was able positively to identify appellant as the man who committed the robbery. As to her identification, the transcript reveals that Busbin had ample opportunity to see appellant at the scene of the crime, and that she particularly noted appellant's eyes; that appellant fit her description; and that there were no impermissibly suggestive pre-trial identification procedures involved in the case. Under these circum-

stances, "[t]he in-court identification based upon the victim's view of defendant at the scene of the crime was not impermissibly tainted solely because the appellant sat at the defendant's table and was [one of only two] black male[s] in the courtroom. [Cits.]" *Manning v. State*, 162 Ga. App. 494 (1) (292 SE2d 95) (1982).

2. It is well established that all circumstances connected with a defendant's arrest are considered proper evidence to be submitted to the jury. *Cargill v. State*, 255 Ga. 616, 640 (25) (340 SE2d 891) (1986). Accordingly, we find no error in the trial court's admission of the testimony of Officer Gene Nipper of the Waycross Police Department regarding the facts surrounding appellant's arrest. Id. The fact that Nipper's testimony may incidentally have intimated appellant's participation in other crimes does not render his testimony inadmissible. *Frazier v. State*, 150 Ga. App. 343 (1) (258 SE2d 29) (1979).

3. Under *State v. Stonaker*, 236 Ga. 1, 2 (2) (222 SE2d 354) (1976), it is not error for a trial court to charge the jury on a lesser included offense. Accordingly, we find no error in the trial court's charge here on robbery by intimidation, a lesser included offense to armed robbery. OCGA § 16-8-41 (a). Furthermore, the transcript reveals appellant's counsel expressly requested such a charge. See generally *Bess v. State*, 187 Ga. App. 185, 189 (5) (369 SE2d 784) (1988).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr., Tyson Blue*, for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney*, for appellee.