## A00A1843. SABBS v. THE STATE.
(545 SE2d 671)

ANDREWS, Presiding Judge.

Mitchell Sabbs was found guilty by a jury of three counts of cruelty to his six-month-old child. He appeals from the judgment of conviction entered on the guilty verdicts claiming that the evidence was insufficient to support the verdicts and that his trial counsel was ineffective for failing to object to improper closing argument by the prosecutor. We find the evidence was sufficient to support all three guilty verdicts and that, even if trial counsel was deficient in failing to object, Sabbs failed to prove that this failure was so prejudicial to his defense that the conviction should be reversed.

1. The evidence was sufficient to support the guilty verdicts. In the three counts at issue, Sabbs was charged pursuant to OCGA § 16-5-70 with causing the child cruel or excessive physical or mental pain by: (1) failing to seek medical treatment for the child's fractured arms; (2) squeezing the child hard enough to leave bruising on the child's abdomen and cause internal injuries; and (3) failing to seek medical treatment for the child's abdominal injuries.

A physician testified for the State that the child was admitted to the hospital on November 27, 1996, and diagnosed with serious abdominal injuries. The medical evidence showed that the child was bleeding internally, was having difficultly breathing, and was suffering from an intestinal blockage which was causing her to vomit bile. It was necessary to insert a tube into the child's stomach to pump out accumulating bile and relieve respiratory distress. The physician testified that the child's abdomen was distended, painful to the touch, and displayed multiple bruises consistent with a traumatic injury which had caused the bleeding and blockage within the last 24 hours. The bruising was in the shape of finger marks consistent with the child having been forcefully squeezed by someone around the abdomen.

Because the child's abdominal injuries appeared intentionally inflicted, the physician ordered x-rays of the child to determine if there were other injuries. The x-rays revealed that the child had suffered two fractured bones in each arm, a fractured leg, and three fractured ribs. Testimony from two physicians showed that the arm fractures were extremely painful injuries that were not likely to have resulted from a fall, but would have required great force applied directly to the arms sufficient to snap the bones. The physicians testified that the fractures appeared to be at least two to three weeks old but less than three months old.

The child's mother testified that on the morning of November 26, 1996, she left the child with Sabbs, the child's father, while she went to school during the day. She said the child had no abdominal bruis-

ing and no difficultly breathing when she left. When she arrived home that afternoon, she said Sabbs was with the child, and she discovered bruises on the child's abdomen and noticed that the child had vomited and was having difficulty breathing. Sabbs testified and admitted that he was with the child that day, but he denied causing any injury to the child that day or at any other time. The evidence further showed that, after Sabbs started living with the mother and the child about three and a half months prior to the date the child was diagnosed with the various injuries on November 27, Sabbs took care of the child during the day while the mother went to school.

Although the evidence was circumstantial, we find it was sufficient to exclude every reasonable hypothesis save that of Sabbs's guilt. OCGA § 24-4-6. The evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that Sabbs caused the child cruel or excessive physical or mental pain by: (1) squeezing the child and causing serious abdominal injuries to the child while he was with the child during the day of November 26; (2) failing to seek immediate medical treatment for the abdominal injuries suffered by the child on November 26; and (3) failing to seek medical treatment for the fractured bones in both arms suffered by the child while he and the child's mother were jointly caring for the child.[1] OCGA § 16-5-70; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sabbs claims his trial counsel was ineffective because he failed to object to a statement made by the prosecutor during closing argument that he posed a future threat to another younger child he had by the mother of the victim in this case. Although arguing Sabbs's future dangerousness was improper, we find that defense counsel's failure to object does not require reversal of the conviction. *Cherry v. State*, 230 Ga. App. 443, 447 (496 SE2d 764) (1998).

In order to obtain reversal of a conviction on a claim that his counsel was ineffective, Sabbs had the burden of proving not only counsel's deficient performance, but also that the deficiency was so prejudicial to his defense that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). The trial court's finding that Sabbs was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous. *Parker v. State*, 220 Ga. App. 303, 307 (469 SE2d 410) (1996).

Based on the medical evidence of the injuries suffered by the

---

[1] The child's mother had previously pled guilty to charges of cruelty to the child for failing to seek medical treatment for the child's injuries.

child and when those injuries occurred, plus evidence establishing that Sabbs was with the child during the period of time the injuries occurred, we find no reasonable probability that the outcome of the trial would have been different but for counsel's failure to object. The trial court correctly ruled that Sabbs was not entitled to reversal of the conviction because of ineffective assistance of counsel.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 19, 2001.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Margaret E. Bagley, Mark A. Casto, Assistant District Attorneys*, for appellee.