A07A0134. CLARK v. THE STATE.
(645 SE2d 671)

MIKELL, Judge.

Following a jury trial, Robert Lee Clark, Jr., was convicted of two counts of selling cocaine, OCGA § 16-13-30 (b), and sentenced to concurrent sentences of fifteen years on each count, with ten years to be served and the balance on probation. He appeals from the denial of his motion for new trial, contending that the evidence is insufficient to support his convictions, and that the trial court erred (1) in allowing the state to comment during opening and closing arguments on the connection between illegal drugs and crime in the community; (2) in admitting his booking photograph into evidence; and (3) in permitting the state to elicit testimony from eyewitnesses concerning the level of certainty in their identifications. We affirm.

> On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and the appellate court views the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility. As long as there is some competent evidence, even though contradicted, from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt, we must affirm the judgment on the jury's verdict.[1]

---

[1] (Footnotes omitted.) *Dempsey v. State*, 265 Ga. App. 175 (1) (593 SE2d 362) (2004).

So construed, the evidence shows that while working in an undercover capacity, Georgia Bureau of Investigation (GBI) Special Agent Paul Smith of the East Central Georgia Drug Task Force, accompanied by confidential informant Shawn White, twice purchased cocaine from Clark on November 5, 2002. A forensic chemist from the state crime lab confirmed that the substances sold were cocaine, weighing less than one gram. The state also introduced into evidence and played for the jury the surveillance videotapes of each transaction, still photographs taken from the videotaped transactions, and a booking photograph of Clark. Both Smith and White identified Clark at trial as the individual who sold them the cocaine.

GBI Agent Travis Akridge, who had been providing backup to Smith during the undercover operation, reviewed the videotape shortly after the transactions and identified Clark. Akridge explained that he went to school with Clark and recognized him from an old yearbook picture. At trial, Akridge identified Clark as the individual in the videotape. An arrest warrant was issued for Clark in February 2004.

1. We first address Clark's contention that the evidence was insufficient to support his convictions. While Clark enumerates this alleged error and cites the proper standard of review, he provides no argument, citation of authority, or citations to the record to support his position. While Clark has abandoned this enumeration of error under Court of Appeals Rule 25 (c) (2), we have nonetheless reviewed the record and find sufficient evidence to authorize the convictions. The jury observed the transactions on videotape and two eyewitnesses identified Clark.[2] Accordingly, this enumeration of error is without merit.

2. Clark contends he is entitled to a new trial because the state improperly commented during opening and closing arguments on the connection between illegal drugs and crime in the community. During opening arguments, the state made the following comments over objection:

> Our lives now in a lot of ways are controlled by what happens in the drug world because a lot of our crimes that happen today are related to drugs. . . . And many of the crimes that we deal with are connected to drugs, even crimes such as burglaries, armed robberies, forgeries, they're all connected to this world that you're going to hear about today.

---

[2] See, e.g., *Hansberry v. State*, 260 Ga. App. 480, 481 (1) (580 SE2d 274) (2003) (officers' eyewitness identification of defendant three years after drug transaction sufficient to authorize convictions), citing *Sanders v. State*, 226 Ga. App. 650, 651 (1) (487 SE2d 442) (1997).

During closing, the state again argued, over objection,

> [a]s I told you in my opening, drugs lead to more crimes, and I'm sure you've heard that on television again and again. Burglaries . . . [t]hey do lead to other crimes, other crimes that have victims, other crimes that can really have an impact on people's lives, and have an impact on a community like Emanuel County.

Though it is improper for the state to comment on a defendant's future dangerousness, it is not improper for the state to appeal to the jury to convict for the safety of the community or to curb an epidemic of violence in the community.[3] Nor is it improper for the prosecutor to emphasize to the jury its responsibility to enforce the law.[4] The state's argument in this case was not improper.

3. Clark next claims the trial court erred in admitting the booking photograph into evidence because it improperly placed his character in issue by showing him wearing a Department of Corrections uniform. After the state questioned Smith about the still photographs, the following colloquy ensued:

> [STATE]: [D]id you also obtain an arrest booking photo of the defendant?
> [SMITH]: Yes, ma'am, I did.
> [STATE]: For purposes of trial today.
> [SMITH]: Yes, ma'am, I did.

Clark objected to admission of the photograph into evidence, arguing that it impermissibly placed his character in issue. The state countered that it was relevant for purposes of identification. The trial court overruled the objection.

It is well settled that mere admission into evidence of a "mug shot" of the defendant does not indicate that the defendant was guilty of any previous crime and does not place his character in issue.[5] Neither does reference to such a photograph impermissibly place a

---

[3] See *McClain v. State*, 267 Ga. 378, 383 (3) (477 SE2d 814) (1996) (defendant's dangerousness is irrelevant to the question of his guilt); *Davis v. State*, 253 Ga. App. 803, 808 (13) (560 SE2d 711) (2002) (proper for the state to argue that by convicting defendant jury can stop further violence in the community), citing *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993). See also *McKibbons v. State*, 216 Ga. App. 389, 392 (4) (455 SE2d 293) (1995).

[4] *Davis*, supra.

[5] See *Creamer v. State*, 229 Ga. 704, 708 (2) (194 SE2d 73) (1972); see also *Aldridge v. State*, 237 Ga. App. 209, 214 (5) (515 SE2d 397) (1999).

defendant's character in issue.[6] The photograph shows only the collar of Clark's uniform and does not suggest that he had been the subject of prior arrests or convictions for other offenses.[7] Moreover, the jury could not figure out from Smith's testimony whether the photograph was related to this offense or a previous arrest.[8] As the booking photograph in no way suggested that Clark was guilty of any previous crimes, the trial court did not abuse its discretion in admitting it.

4. Relying on *Brodes v. State*,[9] Clark argues that the trial court erred in allowing the state to elicit testimony from Smith and White concerning the level of certainty in their identifications. We find no abuse of discretion. In *Brodes*, our Supreme Court held that it could "no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification[,]" and advised trial courts to refrain from giving the "level of certainty" instruction to jurors.[10] The *Brodes* decision does not, however, prohibit an identification witness from testifying about his or her level of certainty, or restrict the state from inquiring about the same. As we noted in *Best v. State*,[11] a defendant can challenge such testimony through cross-examination, expert testimony, or the presentation of testimony from other eyewitnesses.[12]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2007.

*Mark B. Beberman*, for appellant.
*Steven Askew, District Attorney, Mary K. Mitchell, Assistant District Attorney*, for appellee.

---

[6] See *Gravitt v. State*, 239 Ga. 709, 712 (5) (239 SE2d 149) (1977) (officer's testimony that he showed victim mug shot from police department files did not place defendant's character in issue); see also *Fleming v. State*, 236 Ga. 434, 439 (224 SE2d 15) (1976) (witness's testimony that defendant's identification photo came from GBI office did not inject defendant's character into issue); *Hines v. State*, 246 Ga. App. 835, 836 (1) (541 SE2d 410) (2000) (detective's statement that he used book-in photo to identify defendant did not improperly place defendant's character in issue).

[7] Compare *Hunter v. State*, 273 Ga. App. 52-53 (1) (614 SE2d 179) (2005) (photographs obviously mug shots).

[8] See, e.g., *Mobley v. State*, 198 Ga. App. 497, 499 (4) (402 SE2d 100) (1991).

[9] 279 Ga. 435 (614 SE2d 766) (2005).

[10] (Footnote omitted.) Id. at 442.

[11] 279 Ga. App. 309 (630 SE2d 900) (2006).

[12] Id. at 310-311 (3).