## A07A0508. ZAPIEN-CHAVEZ v. THE STATE.
(646 SE2d 311)

PHIPPS, Judge.

Alfredo Zapien-Chavez appeals his convictions of aggravated assault, aggravated battery, and possession of a firearm during the commission of a crime. He claims that the evidence was insufficient to support the verdict and that his trial lawyer rendered constitutionally ineffective assistance. Finding merit in neither claim, we affirm.

The state presented evidence that on the night in question, the victim Felipe Castillo went to a bar, where he attempted to intervene in an altercation between Zapien-Chavez and another individual. As a result of the altercation, the security officers at the bar ejected Zapien-Chavez from the bar. Castillo then decided to leave the bar by taxi. But after he exited the bar, a vehicle transporting Zapien-Chavez appeared on the scene. Zapien-Chavez then got out of the vehicle and shot Castillo without provocation, leaving him paralyzed.

The defense, on the other hand, presented evidence that the altercation in the bar was actually between Zapien-Chavez and Castillo. It resulted from Zapien-Chavez's intervention on behalf of a waitress, whom Castillo had been touching in an inappropriate way despite her repeated requests that he stop. After Castillo and some of his friends were ejected from the bar, Zapien-Chavez decided to leave. But as he and one of his friends attempted to drive away in an SUV, they were blocked by Castillo and friends, who began to throw bottles at the SUV and to display a baseball bat and knife. After hearing gunshots, Zapien-Chavez and his friend exited the SUV in an attempt to flee for their safety. After Castillo and his friends began to chase them, Zapien-Chavez took possession of his friend's gun and threatened to shoot Castillo and his friends if they did not retreat. Instead of retreating, Castillo and his friends began to approach Zapien-Chavez, threatening him with their weapons and making taunting remarks. Zapien-Chavez then fired the weapon in self-defense.

1. Zapien-Chavez's challenge to the sufficiency of the evidence is based primarily on the claim that defense witnesses were more credible than those presented by the state. This challenge fails because "[t]his [c]ourt does not re-weigh evidence or resolve conflicts in it; evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence."[1] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the

---

[1] *Young v. State*, 280 Ga. 65, 66 (1) (623 SE2d 491) (2005) (citation omitted).

State's case, the jury's verdict will be upheld."[2] The evidence in this case meets that standard. Because the state's case was based on the direct testimony by Castillo and an eyewitness, there is no merit in Zapien-Chavez's argument that the evidence was insufficient to meet the requirement that circumstantial evidence exclude every reasonable hypothesis save that of guilt.[3]

2. Zapien-Chavez charges his trial lawyer with ineffective assistance in failing to conduct an investigation and pursue an alternative defense strategy, after the trial court ruled that defense counsel could not ask questions about Castillo's youth gang affiliation absent evidence that the shooting in this case was gang-related.

Zapien-Chavez has, however, failed to identify any defense strategy that counsel failed to pursue. Therefore, he has not carried his burden of showing either deficient performance by counsel or the prejudice that must be established in order to succeed on a claim of ineffective assistance of counsel.[4]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 9, 2007.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.

---

[2] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citation and punctuation omitted).

[3] See *Lane v. State*, 255 Ga. App. 274, 276 (564 SE2d 857) (2002).

[4] See, e.g., *Sabbs v. State*, 248 Ga. App. 114, 115 (2) (545 SE2d 671) (2001).