A07A0953. JOHNSON v. THE STATE.
(651 SE2d 450)

MILLER, Judge.

Following a jury trial, Rodrick Johnson was convicted of aggravated assault, obstruction of a law enforcement officer, and possession of a firearm during the commission of a crime. Johnson appeals, claiming that the trial court erred by (i) denying his motion to suppress a statement he made while in police custody; (ii) allowing the State to introduce his character into evidence; (iii) allowing the State to impeach a defense witness on recross-examination; (iv) limiting the testimony of that witness while he was being questioned on redirect examination by Johnson's trial counsel; and (v) charging the jury that Johnson could be convicted of aggravated assault with a deadly weapon even though no weapon was introduced into evidence. Johnson also challenges the sufficiency of the evidence used to convict him. For the reasons that follow, we find Johnson's claims to be without merit and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that on April 23, 2003, officers with the Brunswick Police Department saw a man later

identified as Johnson chasing another man while firing a gun at him. One of those officers pursued Johnson on foot, but he lost sight of him just after a backup patrol car arrived at the scene.

Shortly thereafter, the police officer driving the patrol car, who had received Johnson's description and location over his radio, saw Johnson running down an alley. Johnson was arrested, and as he was being placed in the patrol car, the police officer who had chased Johnson on foot heard him say, "I was shooting at him because he took some weed from me."

1. Johnson claims that the trial court erred in denying his motion to suppress his statement that he shot at Brown because "he took some weed from me." We disagree.

The Fifth Amendment of the United States Constitution requires the exclusion of any statement made by an accused during custodial interrogation who has not been advised of his *Miranda* rights. *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The determination of whether an "interrogation" occurred focuses primarily upon the reasonable perceptions of the suspect and not the intent of the officer, although such intent is relevant. *Rhode Island v. Innis*, 446 U. S. 291, 301 (100 SC 1682, 64 LE2d 297) (1980). "This focus reflects the fact that the *Miranda* safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police." *Hibbert v. State*, 195 Ga. App. 235, 236 (393 SE2d 96) (1990), quoting *Innis*, supra, 446 U. S. at 301. A trial court's finding that a custodial statement was freely and voluntarily made will be upheld unless it is clearly erroneous. See *Smith v. State*, 265 Ga. 570, 571 (2) (459 SE2d 420) (1995).

"[T]he definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." (Footnote omitted; emphasis in original.) *Innis*, supra, 446 U. S. at 302. Here, the police officer who heard Johnson's statement testified that Johnson uttered the statement spontaneously; that the police officers had not questioned Johnson, threatened him, or done anything to coerce him to make a statement. Johnson, while denying that he had made the statement, admitted that the police officers did not ask him any questions. As a result, the trial court's ruling that Johnson made the statement freely and voluntarily was not clearly erroneous. See *Smith*, supra, 265 Ga. at 571 (2).

2. Johnson also claims that the trial court erred in allowing the State to introduce his character into evidence by questioning the victim about his prior claim that Johnson shot him because he had stolen marijuana from him. We disagree.

Shortly after his altercation with Johnson, the victim, who was later identified as Johnny Mack Brown, provided a statement to the police. According to the police officer who took his statement, Brown claimed that Johnson had accused him of stealing marijuana from him, that he saw Johnson pull a gun out of his waistband, and that he heard a gunshot as he ran from Johnson. At trial, however, Brown testified as a witness for the defense. While Brown admitted that he had had an altercation with Johnson, he claimed that he never saw Johnson pull out a gun and that the noise he heard that caused him to run could have been a car backfiring or fireworks.

On cross-examination, the State questioned Brown regarding his prior statement to the police. Johnson objected, claiming that the statement improperly put his character into evidence. The trial court overruled the objection, concluding that questions related to Brown's prior statement were offered to corroborate Johnson's custodial confession and that any impugnment of Johnson's character was incidental. Indeed, Brown's statement not only provided insight into Johnson's motive for the shooting but also offered credibility to the claim that he had spontaneously stated that he shot Brown because he had stolen marijuana from him.

"[T]estimony [that] may incidentally have intimated appellant's participation in other crimes does not render [such] testimony inadmissible." (Citation omitted.) *Tilley v. State*, 201 Ga. App. 360, 361 (2) (411 SE2d 100) (1991). As a result, the trial court did not abuse its discretion by allowing the State to question Brown regarding his prior statement to the police.

3. Johnson also claims that the trial court erred in allowing the State to impeach Brown on recross-examination. Again, we disagree.

After the State questioned Brown on cross-examination regarding his prior statement to the police, Johnson's counsel questioned Brown on redirect examination and allowed Brown to admit he told the police that he and Johnson had had an altercation but deny that he ever saw Johnson with a gun or heard Johnson shoot at him. On recross-examination, the trial court permitted the State to question Brown regarding whether he changed his story after he was arrested and convicted for possession of illegal drugs.

Johnson claims that such questioning was improper on recross-examination because Brown's prior convictions were not covered by direct examination, cross-examination, or redirect examination. See *Scott v. State*, 227 Ga. App. 900, 902 (4) (d) (490 SE2d 208) (1997) ("The trial court has discretion to limit the scope of recross-examination, which is not intended for the introduction of new matter.") (citation omitted). Pretermitting whether the State's questioning regarding Brown's prior convictions was sufficiently connected to the questions the State had posed on cross-examination so

as not to be considered a "new matter," it is within the trial court's discretion to permit questioning regarding a new matter during recross-examination. See *Owens v. State*, 205 Ga. App. 824, 825 (2) (423 SE2d 731) (1992) (trial court "in [its] discretion may permit the questioner to inquire about something which he should have asked about during an earlier step but which was overlooked") (citation and punctuation omitted).

Here, the trial court found that evidence regarding Brown's prior convictions was relevant as to Brown's credibility as a witness, and Johnson has failed to show that the trial court abused its discretion in admitting such evidence. See *Maher v. State*, 239 Ga. 305, 306 (2) (236 SE2d 647) (1977) ("The trial judge, in his discretion, found the evidence brought in on re-direct examination to be relevant and admissible. Absent a showing of gross abuse of discretion, we find no error.") (citation omitted).

4. Johnson also argues that the trial court erred in limiting Brown's testimony while he was being questioned on redirect examination. We disagree.

During his second redirect examination of Brown, Johnson's attorney asked Brown if anyone from the district attorney's office had spoken with him about his testimony in the case. Upon an objection by the State, the trial court prohibited Brown from answering and foreclosed that line of questioning.

It appears that Johnson sought to introduce this testimony for the improper purpose of showing that Brown had informed someone in the district attorney's office that he did not want the case against Johnson to be prosecuted. See *Ambles v. State*, 259 Ga. 406, 407 (1) (383 SE2d 555) (1989) ("[I]t is the [S]tate, not the victim, that has an interest in criminal prosecutions.") (citation omitted). In light of the improper purpose for which it was apparently offered, the trial court did not abuse its discretion in excluding this testimony. See id.

5. Johnson claims that the trial court erred in charging the jury that Johnson could be convicted of aggravated assault with a deadly weapon even though no weapon was introduced into evidence. Such claims are without merit and have been rejected previously by this Court. In *Lattimer v. State*, 231 Ga. App. 594, 595 (499 SE2d 671) (1998), we held that

[i]t is not necessary for the State to admit into evidence the deadly weapon used by the defendant in order for the defendant to be found guilty of aggravated assault. The presence of a deadly weapon or the appearance of such may be established by circumstantial evidence, and a conviction for aggravated assault may be sustained even though the weapon was neither seen nor accurately described by the

victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, but OCGA § 16-5-21 (a) does not require proof of an actual deadly weapon.

(Citations and punctuation omitted.) Here, two police officers testified that Johnson fired a gun, and such testimony was sufficient to infer the presence of a weapon even though no weapon was introduced into evidence.

6. Finally, Johnson claims that "[b]ased on the evidence adduced at trial, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." First, it is unclear from this statement whether Johnson is claiming that the evidence was insufficient to sustain all or just some of his convictions. Moreover, Johnson fails to support this claim by either argument or citation of authority. As a result, we deem it abandoned pursuant to Court of Appeals Rule 25 (c) (2). See *Mayo v. State*, 277 Ga. App. 282, 284 (1) (b) (626 SE2d 245) (2006).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 7, 2007 —
RECONSIDERATION DENIED AUGUST 27, 2007.

*Alan D. Tucker, James A. Yancey, Jr.*, for appellant.
*Stephen D. Kelley, District Attorney, Jonathan R. Miller III, Assistant District Attorney*, for appellee.