## A07A2305. JOHNSON v. THE STATE.
(657 SE2d 333)

RUFFIN, Judge.

Following a jury trial, Jeffrey Johnson was convicted of aggravated assault, two counts of aggravated battery, and possessing a firearm during the commission of a felony. Johnson appeals, challenging the sufficiency of the evidence and the admission of similar transaction and alleged hearsay evidence. He also contends that the trial court erred in denying his motion for a continuance. For reasons that follow, we affirm.

The standard of review on appeal of a criminal conviction is whether, after viewing the evidence in a light favorable to the verdict, any rational trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt.[1] The defendant no longer enjoys the presumption of innocence, and we determine only the sufficiency of the evidence.[2] We do not weigh the evidence or assess witness credibility.[3]

So viewed, the evidence shows that Johnson lived in a building that shared a common entrance hallway with three other apartments. On July 27, 2004, Andrew Chisholm, who was 21 at the time of the trial, went to the apartment building to visit another resident, using a key the resident had given him to enter the outside door to the common hallway. Johnson, who was in the hallway, asked Chisholm why he was there and told him to leave. Chisholm replied that he was there to visit another resident and refused to leave. Johnson went into his apartment, retrieved a gun, and shot Chisholm in the

---

stomach. Chisholm dropped to his knees and then stood, and Johnson shot him again, hitting him in the arm. After Chisholm ran out of the building, Johnson followed him and fired a third shot toward him, but missed. After the shooting, Johnson returned to his apartment and resumed eating.

The police responded to Johnson's apartment shortly thereafter and took him into custody. While processing the crime scene, the police recovered a Bryco .380 handgun from Johnson's apartment and two .380 shell casings, one from the hallway and another on the ground outside the building.

Johnson testified at trial, admitting that he shot an individual twice on the day in question.[4] According to Johnson, the victim entered his apartment and then refused to leave. Johnson testified that he then retrieved his gun "to scare [the victim] out." Johnson said that he feared for his life and only shot the victim — who was acting "all wild and crazy" and "totally out of control" — after he lunged at Johnson and reached into his pocket. He also admitted following the victim out of the building and firing another shot, but testified that he fired the gun toward the sky, yelling, "Don't you bring your ass around here no more."

1. On appeal, Johnson contends that the evidence was insufficient to support his convictions. It is unclear whether he challenges the sufficiency of the evidence as to some or all of his convictions. And Johnson's argument for this enumeration consists of a single sentence summarizing the law. He provides no specific argument as to how the evidence failed to establish the various offenses for which he was convicted. Thus, Johnson has effectively waived this enumeration.[5] Notwithstanding his waiver, however, we have reviewed the record and find the evidence sufficient to authorize each of Johnson's convictions.[6]

2. Johnson asserts that the trial court erred in admitting evidence that he was involved in another shooting seven months before the events at issue in this case.[7] We disagree.

---

[4] At trial, Johnson repeatedly insisted that Chisholm was not the man that he shot.

[5] See *Clark v. State*, 285 Ga. App. 182, 183 (1) (645 SE2d 671) (2007); *Johnson v. State*, 287 Ga. App. 352, 356 (6) (651 SE2d 450) (2007).

[6] See *Zapien-Chavez v. State*, 285 Ga. App. 319, 319-320 (1) (646 SE2d 311) (2007); *Moss v. State*, 278 Ga. App. 221, 224 (2) (628 SE2d 648) (2006); *Hill v. State*, 276 Ga. App. 874, 875-876 (625 SE2d 108) (2005).

[7] We reject the State's contention that Johnson waived his challenge to the similar transaction evidence because his attorney failed to object to its introduction at trial. The State is correct that " 'a defendant waives an objection to similar transaction evidence by not protesting its introduction at trial, even if the defendant has already lodged the same objection at a pretrial hearing to determine the admissibility of the evidence.' " *Cornell v. State*, 289 Ga.

The State introduced evidence that in December 2003, several young males in their mid-twenties, including Johnson's nephew, were in the driveway of Johnson's mother's house preparing to work on a vehicle that was being dropped off by a tow truck. Johnson emerged from the house, told them they did not have permission to be there, and insisted that they leave. When they refused, Johnson fired a handgun — a Bryco .380 — at the ground, demanding that they leave. Police recovered the gun shortly thereafter from Johnson's apartment and found a .380 shell casing on the ground outside Johnson's mother's house. At trial, Johnson admitted that he fired his gun at the ground; he testified that he did so because the men "circled around" him and because he was mad that one of the men defied him.

The State sought to introduce the similar transaction evidence to show "bent of mind, course of conduct, and/or motive," and the trial court admitted the evidence. Johnson argues that the admission was error because the two shootings were not sufficiently similar, the evidence was not offered for a proper purpose, and its prejudicial effect outweighed its probative value.

Showing the defendant's motive, course of conduct, and bent of mind are legitimate purposes for the admission of similar transaction evidence, and "[w]hen similar transaction evidence is admitted for these purposes, a lesser degree of similarity is required than when such evidence is introduced to prove identity."[8] "We will not disturb a trial court's finding of similarity unless it is clearly erroneous."[9]

In both the previous assault and the incident at issue here — which occurred seven months apart — Johnson had a verbal disagreement with young unarmed males, demanded that they leave the premises, and, when they refused to comply, retrieved a Bryco .380 and fired the weapon at or near the victims. In both instances, he then calmly walked inside, where the police found him shortly thereafter.

"The prior act thus was sufficiently similar to the present shooting so that proof of the former attack on . . . unarmed [men] tends to show that [Johnson] was likely to respond to a disagreement with a gun."[10] And, because the trial court properly concluded that the previous incident was admissible for the purpose of demonstrating Johnson's motive, course of conduct, and bent of mind, it "was not required to make any additional express ruling to the effect that the

App. 52, 53 (656 SE2d 191) (2007). Here, contrary to the State's representation, Johnson did reiterate his objection to the admission of evidence regarding the 2003 shooting at trial.

[8] *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

[9] *Mack v. State*, 283 Ga. App. 172, 174 (2) (641 SE2d 194) (2007).

[10] (Punctuation omitted.) *Cotton v. State*, 279 Ga. 358, 359 (2) (613 SE2d 628) (2005); see *Gentry v. State*, 250 Ga. 802, 803 (1) (301 SE2d 273) (1983).

limited relevancy of the evidence outweighed its prejudice."[11] Accordingly, based upon the substantial similarities between the previous incident and the charged offenses, along with the limited lapse of time, the trial court did not err in admitting evidence of the similar crime.[12]

3. Johnson further contends that the trial court erred in admitting certain hearsay statements. Over Johnson's objection, and during the State's presentation of similar transaction evidence, the trial court permitted the responding officer to testify regarding the out-of-court statements of three witnesses. The State argues that the statements were properly admitted as prior consistent and/or inconsistent statements.

Pretermitting whether the trial court erred in admitting the officer's testimony, Johnson must establish harm as well as error to show grounds for reversal.[13] Thus, because Johnson "has not offered any explanation of the possible harm even if admission of the [statements] was error, . . . there are no grounds to reverse."[14] Moreover, the three witnesses also testified at trial, and thus, the officer's testimony was cumulative.[15] And given that Johnson took the stand and admitted firing his weapon in the vicinity of the victims in the similar transaction, it is unlikely that the evidence contributed toward the verdict. Therefore, any error in admitting the statements was not harmful.[16]

4. In his final enumeration, Johnson alleges that "[t]he trial court erred in denying trial counsel's motion for a continuance based upon [Johnson's] deteriorating mental health." In his brief, Johnson states that trial counsel sought a continuance based upon his "bizarre statements," including a request that counsel contact the CIA and that Chisholm was not the man that he shot.[17] Johnson offers no argument whatsoever to support this enumeration and fails to pro

---

[11] *Cotton*, supra.

[12] See id.; *Gentry*, supra.

[13] See *Lyons v. State*, 282 Ga. 588, 594 (4) (652 SE2d 525) (2007).

[14] *Dupree v. State*, 267 Ga. App. 561, 564 (3) (600 SE2d 654) (2004).

[15] Indeed, Johnson concedes in his brief that the officer's testimony regarding one of the witnesses "was cumulative."

[16] See *Clemmons v. State*, 282 Ga. App. 261, 263 (1) (638 SE2d 409) (2006) ("the erroneous admission of cumulative evidence provides no basis for reversal"); *Hopkins v. State*, 283 Ga. App. 654, 659 (4) (642 SE2d 356) (2007); *Mikell v. State*, 281 Ga. App. 739, 746 (5) (637 SE2d 142) (2006).

[17] The victim's appearance had changed since the shooting; he had altered his hair style and gained 30 to 40 pounds at the time of the trial.

vide any citation of authority. Thus, he has abandoned this argument.[18]

But even if Johnson did not abandon this claim of error, we find it meritless. The trial court "had ample opportunity to observe defendant's behavior and demeanor throughout the proceedings before denying the request for a [mental evaluation]."[19] As the trial court noted, a court-ordered mental evaluation conducted at Georgia Regional Hospital approximately four months before the trial indicated that Johnson "currently [met] the criteria for competency to stand trial."[20] "Starting from the presumption of mental competency, and drawing all reasonable deductions from the proffer of evidence, we thus further conclude that the trial court did not commit reversible error in denying defendant's mid[-]trial motion for a [mental] evaluation."[21]

*Judgment affirmed. Blackburn, P. J., concurs. Bernes, J., concurs and concurs in the judgment only as to Division 4.*

DECIDED JANUARY 31, 2008.

*Jennifer R. Burns, Gabrielle A. Pittman*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.

---

[18] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Clark*, supra.

[19] *Lightsey v. State*, 188 Ga. App. 801, 802 (1) (374 SE2d 335) (1988).

[20] The evaluation also indicated that Johnson had "an established history of psychiatric illness," but concluded that "despite the likelihood that he experienced symptoms of his mental illness at the time of his arrest, he would not meet criteria for nonresponsibility at the time of his acts." Indeed, " 'a mentally ill person can be competent to stand trial.' " *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). The test of competency is whether the defendant " 'is capable of understanding the nature and object of the proceedings and is capable of assisting his attorney with his defense.' " *Adams v. State*, 275 Ga. 867, 867-868 (3) (572 SE2d 545) (2002).

[21] (Punctuation omitted.) *Lightsey*, supra; see *Jackson v. State*, 180 Ga. App. 774-775 (1) (350 SE2d 484) (1986).