A08A0443. SMITH v. THE STATE.
(662 SE2d 323)

RUFFIN, Presiding Judge.
A jury found Willie Smith guilty of burglary, kidnapping with

---

bodily injury, rape, aggravated assault, robbery, and theft by taking.[1] Smith appeals, challenging the sufficiency of the evidence and the admission of a particular photograph of the victim. For the foregoing reasons, we affirm.

On appeal from a criminal conviction, we view the evidence in a light favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[2] We neither weigh the evidence nor resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.[3] Viewed in this manner, the evidence shows that in October 2004, police responded to a 911 call at a residence. The 86-year-old victim, who was hysterical and shaking, answered the door.[4] She was naked below the waist and had a plastic bag around her shoulders and electrical cords tightly wrapped around her neck and arms. The victim was transported to the hospital for a sexual assault examination.

At the hospital, the victim told medical personnel that she had been attacked and that the assailant hit her, kicked her, put a plastic bag over her head, tied her up, and raped her. She had multiple bruises and abrasions on her shoulders, back, leg, face, nose, tongue, and extremities. A pelvic examination revealed blood inside her vagina, as well as bruises and contusions on the inside and outside of her vagina. According to her treating physician, the victim's injuries were consistent with forcible penetration.

Following the attack, the victim's car was missing. The police located the automobile two days later, and, following a search of the area, they found and arrested Smith. After waiving his *Miranda* rights, Smith admitted that he had entered the victim's home; removed her clothing; restrained her with electrical cords; hit her; kicked her; put a plastic bag over her head; forced her from one room to another; taken money from her purse; and taken her car. The police also obtained a saliva swab from Smith, and the DNA taken from his swab matched the DNA of two hair roots found on the floor in the victim's living room.

1. Smith contends that "[t]he jury clearly erred in finding that there was sufficient evidence to find [him] guilty beyond a reasonable doubt." It is unclear whether he challenges the sufficiency of the evidence as to some or all of his convictions. Smith's argument for this enumeration consists of three sentences ostensibly summarizing

---

[1] The jury acquitted him of possessing a firearm during the commission of a crime.

[2] See *Williams v. State*, 268 Ga. App. 384 (1) (601 SE2d 833) (2004).

[3] See id.

[4] The victim died before the trial from natural causes unrelated to this case.

the law; he provides no citation of authority in support of his position, however. He also fails to provide any specific argument as to how the evidence failed to establish the various offenses for which he was convicted. Thus, Smith has abandoned his challenge to the sufficiency of the evidence.[5] Nevertheless, we have reviewed the record and find ample evidence to authorize the convictions.[6]

2. Smith further contends that the trial court erred in admitting a photograph taken the day after the attack, depicting the victim's vagina and bloody underwear. Smith objected to the admission of the photograph, maintaining that it was unnecessary and inflammatory and did not show any injuries. In response, the State argued that the photograph — which showed that the victim was bleeding the day after her attack — demonstrated that the victim had been raped. And, according to the State, because the photograph showed that the victim's vagina was not bruised, it was also probative to refute Smith's assertion that her injuries resulted from a kick to her groin.

" 'The admission of photographs into evidence is a matter within the discretion of the trial court.' "[7] "Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value."[8] As argued by the State, the photograph was relevant to show that the victim was raped and to refute Smith's contention that her injuries were consistent with being kicked. Thus, the trial court did not abuse its discretion in admitting the photograph.[9] Moreover, given the overwhelming evidence of Smith's guilt, even if admission of the photograph was improper, it would constitute harmless error and thus, present no basis for reversal.[10]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 16, 2008.

*Harold W. Wallace III, Sara E. Meyers,* for appellant.

---

[5] See Court of Appeals Rule 25 (c) (2); *Johnson v. State*, 289 Ga. App. 435, 436 (1) (657 SE2d 333) (2008); *Clark v. State*, 285 Ga. App. 182, 183 (1) (645 SE2d 671) (2007).

[6] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Gulley v. State*, 271 Ga. 337, 339 (1) (519 SE2d 655) (1999); *Winkfield v. State*, 275 Ga. App. 456, 458-459 (2) (620 SE2d 670) (2005).

[7] *Moody v. State*, 279 Ga. App. 440, 443 (2) (631 SE2d 485) (2006).

[8] (Punctuation omitted.) *Watkins v. State*, 248 Ga. App. 412, 413 (2) (a) (546 SE2d 363) (2001).

[9] *Moody*, supra; *Watkins*, supra.

[10] See *Crews v. State*, 269 Ga. App. 814, 816 (2) (605 SE2d 381) (2004).

*Dennis C. Sanders, District Attorney*, for appellee.