**FOURTH DIVISION**
**DOYLE, P. J.,**
**BOGGS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 10, 2013

# In the Court of Appeals of Georgia

A13A0213. SANCHEZ v. THE STATE.

McFADDEN, Judge.

After a jury trial, Rafael Sanchez was convicted for trafficking in methamphetamine. He argues that the trial court erred in allowing evidence that police found an unidentified substance in his pocket at the time of his arrest. Because the evidence was relevant to whether Sanchez committed the trafficking offense, we find no error and affirm.

Viewed most favorably to the verdict, the evidence showed that, working with a confidential informant, law enforcement officers arranged to purchase two ounces of methamphetamine from a person named David. That person arrived at the designated spot for the transaction driving a car owned by Sanchez, who was the front seat passenger; a third person was in the back seat. Law enforcement officers arrested

the three persons in the car, searched the car, and found two ounces of an off-white substance in two baggies inside a flashlight that was on the back seat floorboard. Subsequent testing identified this substance as methamphetamine. An officer also searched Sanchez incident to his arrest and found in his front pocket a similar baggie containing a white, granulated substance that the officer suspected to be methamphetamine. Subsequent testing did not determine the identity of this substance but revealed that it was "negative for common drugs of abuse."

Sanchez argues that the trial court erred in denying his motion to exclude as irrelevant any evidence about the substance found in his pocket. "The admission of evidence is a matter which rests largely within the sound discretion of the trial judge; and if an item of evidence has a tendency to establish a fact in issue, that is sufficient to make it relevant and admissible." (Citation omitted.) *Alexander v. State*, 239 Ga. 108, 110 (1) (1977). "Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." (Citation and punctuation omitted.) *Smith v. State*, 291 Ga. App. 545, 547 (2) (2008).

The state presented evidence that the unidentified substance in Sanchez's pocket resembled methamphetamine or a substance with which methamphetamine

2

could be "cut" to increase the amount available for sale by weight, and evidence that the substance was packaged in a similar manner to the methamphetamine found in the flashlight. We agree with the state that this evidence could support a finding that Sanchez had knowledge or familiarity with the methamphetamine trade and that, consequently, the evidence tended to establish a fact that Sanchez had contested at trial – whether he knew that trafficking in methamphetamine was occurring in his car at the time of his arrest. See OCGA § 16-13-31 (e).

In his appellate brief, Sanchez points to facts that he argues undermined the state's theories that the substance could have been sold as counterfeit methamphetamine or used to "cut" methamphetamine. These arguments go to the strength of the evidence regarding the unidentified substance, not its relevance. We find no abuse of discretion in the trial court's decision to allow the evidence. See *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*