## S92A1018. GRACE v. THE STATE.
### (422 SE2d 176)

FLETCHER, Justice.

This is a murder case in which the state is seeking the death penalty. We granted the accused's application for interim review to consider a portion of the trial court's pre-trial report. In that report, the trial judge expressed concern about the accused's response to an inquiry put to him by the trial court pursuant to the Unified Appeal Procedure, particularly as to:

> whether or not defendant waives objections to his counsel, and the manner in which his counsel is handling his defense when he has been instructed by his counsel to stand mute when the court affords him the opportunity to state objections he may have to his counsel and the handling of his defense.

Rule II of the Unified Appeal Procedure provides the defendant two opportunities to state objections to his counsel's performance.[1] Rule II, Par. A provides, in part:

> At the earliest possible opportunity after indictment and before arraignment, the court shall confer with the prosecuting attorney and defense counsel. The defendant shall be present during the conference. The conference shall be recorded and transcribed.

> The following matters shall be concluded during the first proceeding: . . . 7. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

Rule II, Par. B provides, in part:

> At an appropriate time consistent with the court's calendar and with the right of the defendant to seek a continuance, the court shall conduct a motion hearing. The defendant shall be present, accompanied by his attorney. The hearing shall be recorded and transcribed. The hearing shall precede trial of the case.

---

[1] We note that Rule III of the Unified Appeal Procedure provides a defendant in a death penalty case with five additional opportunities to state any objections he might have to defense counsel. However, because this action has not yet reached the stages dealt with by Rule III, our opinion only addresses the two opportunities provided by Rule II.

The following matters shall be concluded during the motion hearing: . . . 4. The court shall give the defendant an opportunity to state any objections he may have to defense counsel, or to the manner in which defense counsel has conducted or is conducting the defense.

The effect of an accused's response to the Rule II, Par. A, § 7 and the Rule II, Par. B, § 4 inquiries from the court, whether that response is silence or an indication that the accused has or does not have objections to counsel's performance, has been raised on several occasions in applications to this court for interim review of a death penalty case. However, to date, this court has not enunciated the purpose of these inquiries, nor have we addressed the effect of an accused's responses to the inquiries.

1. As the United States Supreme Court pointed out in a footnote to its opinion in *United States v. Cronic*, 466 U. S. 648 (104 SC 2039, 80 LE2d 657) (1984), the focus of an ineffective assistance of counsel inquiry is not the accused's evaluation of his counsel's performance; instead, the focus is whether there has been a true adversarial process with the accused's counsel acting as a reasonably effective advocate for the accused. Accordingly, in evaluating an ineffective assistance claim, no weight is attached to the accused's expression of satisfaction or dissatisfaction with counsel. *Cronic*, 466 U. S. at 657, note 21.

2. In *Sliger v. State*, 248 Ga. 316, 319 (282 SE2d 291) (1981), we stated that:

By affording a defendant numerous opportunities to raise questions or objections concerning his counsel's assistance, the Unified Appeal Procedure recognizes that prior to or during trial the problem of ineffective assistance of counsel may be more suitably remedied than after conviction and the imposition of the death sentence.

Accordingly, the § 7 and § 4 inquiries should not be viewed as a trap for the unwary. They are intended to assist the trial court in detecting, as early as possible, problems or potential problems with the representation being provided an accused so that, if necessary, corrective action can be taken early on to insure that the defendant's state and federal rights are protected, including the right to the effective assistance of counsel.

By advising an accused not to respond to the § 7 and § 4 inquiries, the accused's attorney could be seen to be frustrating the entire purpose of those inquiries and, thereby, depriving the accused of additional legal assistance. However, whether the accused's response to the inquiries is silence or expression of one or more objections he may

have to his counsel's performance, the response will not result in the waiver of an ineffective assistance claim by the accused.

*Question answered. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 29, 1992.

*May & Horkan, Dwight H. May, James F. Council, Jr.,* for appellant.

*J. Brown Moseley, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys,* for appellee.