### A08A2050. DAVIS v. THE STATE.
(668 SE2d 290)

BLACKBURN, Presiding Judge.

Following a jury trial, Earnest Vann Davis appeals his conviction of first degree vehicular homicide[1] (six counts), DUI (less safe),[2] reckless driving,[3] improper passing,[4] and speeding.[5] Specifically, Davis contends that the trial court erred in failing to grant him a new trial based on his claim of ineffective assistance of counsel. We discern no error and affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State.*[6]

So viewed, the record shows that after spending the day drinking alcoholic beverages, Davis was driving with five friends in his car. As Davis attempted to pass another car at a high rate of speed in a no-passing zone, his car collided head-on with an oncoming car driven by Patricia Turner. Turner had three daughters and a niece in her car. The collision killed Turner, her niece, one of Turner's daughters, and three of Davis's companions. When emergency personnel arrived and pried open the roof of Davis's vehicle, a witness smelled an odor of alcoholic beverage, and police found containers of alcoholic beverages. A blood sample was taken with consent from Davis, who also exhibited a strong odor of alcoholic beverage, and the sample registered a 0.08 blood-alcohol concentration. Davis received medical treatment and was ultimately charged with first degree vehicular homicide (six counts), DUI less safe, reckless driving, improper passing, and speeding. Following his conviction on those

---

[1] OCGA § 40-6-393 (a).
[2] OCGA § 40-6-391 (a) (1).
[3] OCGA § 40-6-390 (a).
[4] OCGA § 40-6-46 (b).
[5] OCGA § 40-6-181 (b) (5).
[6] *Eady v. State,* 256 Ga. App. 696 (569 SE2d 603) (2002).

counts[7] in a jury trial, Davis moved for a new trial, claiming ineffective assistance of counsel. The trial court held an evidentiary hearing and denied Davis's motion, giving rise to this appeal.

To succeed on an ineffective assistance claim, Davis must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington.*[8] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." (Citation and punctuation omitted.) *Williams v. State.*[9] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong. *Strickland v. Washington*, supra, 466 U. S. at 697 (IV); *Fuller v. State.*[10] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Punctuation omitted.) *Robinson v. State.*[11]

1. Davis asserts that his trial counsel was ineffective because he failed to subpoena a certain witness who would presumably testify that Davis was not driving. We disagree.

At trial, Davis based his defense on an assertion that he was not driving when the collision occurred. At the hearing on Davis's motion for new trial, Davis testified that he asked his trial counsel to call a witness (whose last name Davis could not recall), who would have testified that her brother, a 14-year-old who died in the collision, was driving. However, that witness was not in the car at the time of the collision, and Davis's attorney did call both of the other two living witnesses who rode in the car with Davis, both of whom testified that the fourteen-year-old was driving instead of Davis. Davis also testified and denied that he was driving.

Moreover, at the hearing on the motion for new trial, Davis's trial attorney testified that, after speaking to Davis about the witness and to the family of the witness, the attorney determined that the witness could not directly substantiate the theory that Davis was not driving at the time of the collision, because (i) she was not

---

[7] Davis was also charged with driving without proof of insurance, but the trial court directed a verdict of not guilty after the State failed to present evidence of that offense.

[8] *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[9] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[10] *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[11] *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

riding in the car at the time of the collision, and (ii) too much time had elapsed between when she would have last seen Davis and the collision. "[S]trategic decisions regarding which witnesses to call are within the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance." (Punctuation omitted.) *Ventura v. State*.[12] In light of this and the fact that the desired witness could not definitively substantiate who was driving at the time of the collision, Davis has failed to show ineffective assistance on this basis.

2. Davis contends that his trial counsel was ineffective by failing to present photographs of his shirt and glasses in the back seat and by failing to test blood stains in the back seat to identify their source. Davis contends that this information would have bolstered his claim that he was not in the driver's seat when the collision occurred. However, at the hearing on the motion for new trial, Davis's trial attorney explained that, while he did not recall focusing on those photographs or blood stains, he believed that that evidence was not indicative of who was driving.

The evidence at trial showed that when emergency responders came to the scene, they found Davis in the driver's seat, pinned under the steering wheel. At least three other dead or unconscious occupants were "piled" in the middle of the seats, with another occupant flung into the corner of the back seat. The driver's seat, in which Davis was pinned, "was shoved all the way back, almost to the back seat," and Davis was bleeding profusely from his leg. In light of the violent impact which piled the other occupants of the car into the middle of the car, pinned Davis under the steering wheel, and shoved Davis's seat into the rear of the car, the trial attorney's failure to identify blood in the rear of the car and argue the relevance of the final position of Davis's shirt and glasses was not outside the wide range of reasonable professional assistance.

"[T]he focus of an ineffective assistance of counsel inquiry is not the accused's evaluation of his counsel's performance; instead, the focus is whether there has been a true adversarial process with the accused's counsel acting as a reasonably effective advocate for the accused." *Grace v. State*.[13] While not asserting the circumstantial value of the blood stains and photographs of Davis's shirt and glasses in the back seat, Davis's attorney presented seven witnesses, three of whom were direct eyewitness and testified that Davis was not driving. Therefore, Davis's trial attorney did not perform deficiently in failing to present the evidence and argument sought by Davis here.

---

[12] *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008).
[13] *Grace v. State*, 262 Ga. 485, 486 (1) (422 SE2d 176) (1992).

3. Davis also contends that his trial counsel performed deficiently by failing to hire an accident reconstruction expert to challenge the State's assertion that Davis's car caused the collision. However, as explained by Davis's trial attorney, his strategy was not to contest the circumstances of the collision, which were described by at least two eyewitnesses:

> [T]he overwhelming weight of evidence [was] that the vehicle had struck the victims in this case . . . on the wrong side of the road. It was purely a decision on my part not to contest that. As [Davis] said, he had no idea of how the wreck occurred. . . . [H]is defense is solely and has been that he was not the driver.

Therefore, Davis's trial counsel did not pursue a strategy of contesting the cause of the collision, and an accident reconstruction expert was not necessary. "Decisions based on counsel's reasonable trial strategy do not constitute deficient performance, and [reviewing courts do] not evaluate trial counsel's tactics and strategic decisions in hindsight." (Punctuation omitted.) *Upton v. Parks*.[14] Accordingly, we discern no error on this basis.

4. At trial, the State presented numerous photographs of the collision scene. Davis's trial counsel did not object to those photos (he objected at other times), and at one point the trial court interrupted the State to ask, "What's the relevance of most of this? . . . Does that illustrate any issue in this case?" Davis contends that the photographs were prejudicial and that his trial counsel should have objected. However, trial counsel testified at the motion hearing that the photographs

> primarily showed skid marks or positions of the vehicles. They did not show pictures of — except for the victim in the other automobile, they did not show positions of the people in his vehicle that would be indicative of who was driving. . . . And there were so many of them, I thought that it was working against the State . . . boring the jury because it was just the same picture over and over and over, so I did not object simply because I thought — they weren't showing anything.

Therefore, trial counsel's failure to object was based on his belief that the photographs were "working against the State," and in light of the numerous, repetitive photographs of skid marks, pavement

---

[14] *Upton v. Parks*, 284 Ga. 254, 257 (2) (664 SE2d 196) (2008).

gouges, and vehicle damage, Davis has failed to show that this was anything other than a reasoned trial tactic. "The fact that [Davis] and his former . . . counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [Davis] received representation amounting to ineffective assistance of counsel." (Punctuation omitted.) *Muller v. State.*[15] Accordingly, the trial court did not err in denying Davis's motion for new trial.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 2, 2008.

*Terry L. Schwock*, for appellant.
*J. David Miller*, District Attorney, *Catherine M. Smith*, Assistant District Attorney, for appellee.

---

[15] *Muller v. State*, 284 Ga. 70, 73-74 (3) (663 SE2d 206) (2008).