**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 26, 2012

# In the Court of Appeals of Georgia

A12A0790. GIBBS v. THE STATE.

A12A0791. GIBBS v. THE STATE.

MCFADDEN, Judge.

Carl Gibbs and his son, Scottie Gibbs, appeal from their convictions for aggravated assault. Construed in favor of the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), evidence presented at trial shows that after a motor vehicle collision, both Carl and Scottie Gibbs fired gunshots at their neighbors, Dennis and Leigh Ann Cox. On appeal, the Gibbses argue that their trial attorneys were ineffective in failing to introduce testimony from an accident reconstruction expert to contradict the Coxes' testimony that the collision occurred on their property and not on the dirt road in front of their property. The argument is without merit.

To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. In considering adequacy of performance, trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

(Citations and punctuation omitted.) *Brown v. State*, 310 Ga. App. 285, 287-288 (6) (712 SE2d 521) (2011).

In this case, the defense strategy was not to contest the circumstances of the collision, but was to show that Carl and Scottie Gibbs did not fire any shots at the victims. Moreover, the attorneys explained that they did not think an accident reconstruction expert would be helpful because, by the time they could have hired one, the conditions of the dirt road had changed significantly and the vehicles were not in the same condition they were in immediately after the collision. "Decisions based on counsel's reasonable trial strategy do not constitute deficient performance, and reviewing courts do not evaluate trial counsel's tactics and strategic decisions in hindsight." (Citation and punctuation omitted.) *Davis v. State*, 293 Ga. App. 799, 802 (3) (668 SE2d 290) (2008). Accordingly, the appellants have failed to show that their

2

respective trial counsel's performance was deficient. See *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008) (strategic decisions regarding which witnesses to call within exclusive province of the attorney).

Furthermore, even if we were to presume for the sake of argument that the performance of the trial attorneys was deficient, the appellants have not shown that they were prejudiced by the decision of their attorneys not to call an expert to testify that the location of the collision was in the roadway and not on the Coxes' property. At trial, the sheriff's lieutenant who investigated the incident testified that there was no doubt, based on debris found in the roadway and on statements given by the Coxes and Carl Gibbs, that the collision occurred in the middle of the road. Therefore, neither of the appellants can "show that he was prejudiced by his counsel's failure to call an expert to provide cumulative evidence about the alleged [location of the collision]." *Duran v. State*, 274 Ga. App. 876, 879 (3) (619 SE2d 388) (2005). See also *Johnson v. State*, 257 Ga. App. 30, 31 (1) (570 SE2d 344) (2002) (failure to present cumulative evidence through additional witness testimony does not amount to ineffective assistance of counsel).

*Judgments affirmed. Barnes, P. J., and Adams, J., concur.*