S12A0875. MANGRUM v. THE STATE.
(731 SE2d 761)

NAHMIAS, Justice.

This is the second appearance of this case before this Court. In December 2005, Appellant Jamerson Mangrum was found guilty of numerous crimes related to the death of 15-year-old Katie Hamlin in July 2002, including three counts of felony murder, two counts of aggravated child molestation, and one count each of rape, abandoning a dead body, concealing a death, and tampering with evidence. After his motion for new trial was denied, Appellant obtained new counsel and appealed to this Court, alleging numerous grounds for reversal. In *Mangrum v. State*, 285 Ga. 676 (681 SE2d 130) (2009), we rejected all of his arguments except for his claim of ineffective assistance of trial counsel, which we remanded to the trial court for a hearing. See id. at 683.

On March 23, 2011, the trial court held a hearing on the ineffective assistance claim. The only witness at the hearing was Appellant's trial counsel, Jimmy Berry. At trial, the State's theory was that the victim died from compressive asphyxiation while being forcibly restrained during a sexual assault. Appellant's principal defense was alibi. However, through cross-examination, Berry also tried to suggest that the cause of death could have been a seizure caused by medications prescribed for the victim, including Risperdal, an anti-psychotic drug used to treat schizophrenia.[1] At the hearing, Appellant's new counsel attempted to show that Berry unreasonably failed to support his theory that the victim's medications caused her to have a seizure and asphyxiate and to investigate the possibility that her failure to take her medications caused her death. However, new counsel did not offer any of the victim's medical records or present any expert medical testimony at the hearing. On April 18, 2011, the trial court denied Appellant's ineffective assistance claim. He appeals that ruling.[2]

To prevail on a claim of ineffective assistance of counsel, Appellant

> must show that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984). In examining an ineffectiveness claim, a court need not "address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697.

*Watkins v. State*, 289 Ga. 359, 362 (711 SE2d 655) (2011) (citation omitted).

Appellant contends that his trial counsel was deficient in failing to procure and offer medical evidence concerning the supposed causal link between the victim's mental condition and medications and her death. To show prejudice from this alleged deficiency, however,

---

[1] The State had provided Berry with a list of the prescribed medications, although a toxicology report showed that the victim was not taking Risperdal when she died.

[2] On the day of the hearing, Appellant filed a motion to permit the supplementation of evidence and a motion for scientific testing, but the trial court also denied those motions in the April 18 order. Appellant has not appealed that ruling.

Appellant was required to offer more than "mere speculation" that the victim's medical records and expert testimony would have bolstered his defense at trial. *Dickens v. State*, 280 Ga. 320, 323 (627 SE2d 587) (2006). He failed to do so, offering no evidence at the hearing as to the victim's medical records or how their introduction or the introduction of testimony about them would have changed the outcome of his trial. Appellant therefore failed to establish ineffective assistance of counsel, and the trial court correctly denied his claim. See *Hambrick v. Brannen*, 289 Ga. 682, 684-685 (715 SE2d 89) (2011) (rejecting an ineffective assistance claim where the defendant offered nothing but speculation that an investigation of the defendant's mental health would have been favorable to the defense).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Burns, Speights & Grisham, J. Daran Burns*, for appellant.

*Garry T. Moss, District Attorney, Cliff Head, Wallace W. Rogers, Jr., Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.