**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 19, 2012**

# In the Court of Appeals of Georgia

A12A1230. TAYLOR v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Henry Taylor was convicted of armed robbery and three counts of false imprisonment. He appeals, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. Because there is sufficient evidence to support the jury's verdict and because he has failed to show either deficient performance by trial counsel or prejudice to the defense, we affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted;

emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319 (III)(B) (99 SC 2781, 61 LE2d 560) (1979). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in favor of the prosecution, the evidence shows that on July 29, 2010, Taylor and Corey Thompson entered a Metro PCS store. As Thompson went to the counter where an employee was working, Taylor approached two women and a child who were in the store, told them he and his partner were about to rob the place, pulled out a gun and cocked it, and forced the women and child to move to the back of the store and lie on the floor. He and Thompson then went behind the counter, forced the employee to give them $1,367 from the cash register and then made her lie on the floor next to the customers. Taylor and Thompson left the store and were driven away from the scene by Kristy Richardson.

Taylor challenges the sufficiency of the evidence identifying him as one of the perpetrators, noting that there was no fingerprint evidence and that the store employee

did not identify him. However, the two women customers unequivocally identified Taylor as the perpetrator who brandished the gun in the store, and co-defendant Richardson also identified him as one of the armed robbers. As noted above, resolving conflicts in the testimony and weighing the evidence were matters for the jury, not this court. *Jackson*, supra; *Miller*, supra. Having reviewed all the evidence, we conclude that there is sufficient evidence to support the jury's finding that Thompson is guilty beyond a reasonable doubt of the crimes charged.

2. *Claim of ineffective assistance of counsel.*

Taylor claims that his trial counsel was ineffective in failing to call Taylor's accomplice, Thompson, as a witness; in failing to investigate a witness' statement that another person was involved in the crimes; and in failing to file a motion to exclude in-court identifications of Taylor. The claims are without merit.

> To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. In considering adequacy of performance, trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

3

(Citations and punctuation omitted.) *Brown v. State*, 310 Ga. App. 285, 287-288 (6) (712 SE2d 521) (2011).

a. *Decision not to call Corey Thompson.*

At the motion for new trial hearing, trial counsel testified that he made the strategic decision not to call as a witness Thompson, who pled guilty to the charges prior to Taylor's trial; because he had given a statement to the police that incriminated Taylor. "Decisions based on counsel's reasonable trial strategy do not constitute deficient performance, and reviewing courts do not evaluate trial counsel's tactics and strategic decisions in hindsight." (Citation and punctuation omitted.) *Davis v. State*, 293 Ga. App. 799, 802 (3) (668 SE2d 290) (2008). Thus, Taylor has failed to show that the tactical decision not to call Thompson constituted deficient performance. See *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008) (strategic decisions regarding which witnesses to call within exclusive province of the attorney).

Moreover, Thompson did not testify at the motion for new trial hearing, and Taylor has not shown what his testimony would have been had he been called as a witness at trial. "Without a proffer of evidence that would have been admissible and favorable to his case, [Thompson] has failed to demonstrate a reasonable probability

4

that the testimony of these witnesses would have affected the outcome at trial." *Thomas v. State*, 282 Ga. 894, 896 (2) (a) (655 SE2d 599) (2008).

b. *Decision not to question witness about alleged third party perpetrator.*

At trial, the defense called DeShea Jones as a witness to support Taylor's alibi defense that he was in Alabama at the time of the crimes. Taylor contends that his trial attorney should have bolstered this defense by also investigating and questioning Jones about her out-of-court statement that another person was possibly involved in the crimes. However, at the motion for new trial hearing, counsel explained that when he talked to Jones prior to trial, he tried to get information from her about this person, but she gave only general information and could not provide a name, address or any other specific information that would actually lead to the purported third party. Moreover, Jones did not testify at the new trial hearing and Taylor did not present any other evidence showing that this alleged third party, rather than Taylor, was a perpetrator. Taylor was required to offer more than mere speculation that further investigation and testimony would have bolstered his defense at trial. *Mangrum v. State*, ___ Ga. ___ (Case No. S12A0875, decided September 10, 2012). "In the absence of any affirmative showing supporting [his] defense and that a negligent oversight by counsel prevented any alleged [defense] from being presented to the

5

jury, [Taylor] can not show a reasonable probability that the results of his trial would have been different. [Cit.]" *Faniel v. State*, ___ Ga. ___ (3) (b) (Case No. S12A1159, decided September 10, 2012).

c. *Decision not to move to suppress in-court identification.*

Taylor has not shown any basis for trial counsel to have filed a motion to suppress in-court identification of him by the victims. The identifications were appropriate because the victims "had ample opportunity to see appellant at the scene of the crime and there were no impermissibly suggestive pre-trial identification procedures involved in the case." (Citations and punctuation omitted.) *Williams v. State*, 174 Ga. App. 56, 57 (1) (329 SE2d 226) (1985). And any claim that the identifications were tainted because the defendant was the only black male sitting at the defense table has previously been rejected by this court and the Supreme Court of Georgia. See *Ralston v. State*, 251 Ga. 682, 684 (2) (309 SE2d 135) (1983); *Tilley v. State*, 201 Ga. App. 360, 361 (1) (411 SE2d 100) (1991); *Manning v. State*, 162 Ga. App. 494 (1) (292 SE2d 95) (1982). Accordingly, "any motion to suppress [in-court identification] would have been without merit, and as a matter of law, an accused is not deprived of the effective assistance of counsel when his lawyer fails to file a

6

motion that has no merit. [Cits.]" *White v. State*, 310 Ga. App. 386, 388 (1) (714 SE2d 310) (2011).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*